UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Johns v. CR Bard et al*,
Case No. 2:18-cv-01509

## MOTIONS *IN LIMINE* ORDER NO. 2

### September 3, 2020 Conference on Motions *in Limine*

This matter came before the Court for a status conference on September 3, 2020. Upon consideration of the parties' briefs and their arguments presented, the Court in accordance with the conclusions made on the record at the hearing held as follows:

Plaintiff's Motion *in Limine* No. 15 to Exclude Evidence and Arguments Relating to the Hospital's Surgical Consent Forms (ECF No. 232) is **DENIED**.

Defendants' Motion *in Limine* No. 2 to Exclude Evidence and Arguments Concerning Material Safety Data Sheets (ECF No. 175) is **DENIED IN PART**. The parties may present evidence related to Material Safety Data Sheets ("MSDS"), but the Court will provide an instruction to the jury regarding the legal significance of MSDS and will issue a written decision on this motion.

The Court reserved ruling on and ordered supplemental briefing regarding Plaintiff's Motion *in Limine* No. 2 to Exclude Reference to Reason for Addition of Medical Application Statement to Marlex Material Safety Data Sheet (ECF No. 234). The Court ordered Bard to file supplemental briefing by Wednesday, September 9, 2020 regarding the relevant time frame when

Bard knew or had reason to believe the medical application statement was added to the MSDS for reasons other than safety concerns, and for Plaintiff to respond by Monday, September 14, 2020. The Court will issue a written decision on this motion.

Defendants' Motion *in Limine* No. 9 to Exclude Evidence and Argument Concerning "Medical Grade" Polypropylene (ECF No. 210) is **DENIED**.

Plaintiff's Motion *in Limine* No. 14 to Exclude Evidence of The ISO Standards/ Guidelines to Support Legal Theories or Establish the Product's Safety and Efficacy (ECF No. 230) is **DENIED IN PART.** The parties may present evidence of industry standards as relevant to and possibly evidence of the standard of care, but the Court will provide an instruction to the jury and will issue a written decision on this motion.

Defendants' Motion *in Limine* No. 3 to Exclude Reference to Irrelevant Bard devices (ECF No. 176) is **GRANTED IN PART**. The Court ordered Plaintiff to file supplemental briefing by Wednesday, September 9, 2020 regarding the admissibility of this evidence under Federal Rule of Evidence 404(b)(2), and for Bard to respond by Monday, September 14, 2020.

Defendants' Motion *in Limine* No. 1 to Preclude Any Evidence or Argument Concerning the Composix Kugel Ring Breaks and Recall (ECF No. 174) is **GRANTED IN PART**. The Court ordered Plaintiff to file supplemental briefing by Wednesday, September 9, 2020 regarding the admissibility of this evidence under Federal Rule of Evidence 404(b)(2), and the admissibility of the New York Times article under the hearsay rules, and for Bard to respond by Monday, September 14, 2020.

Defendants' Motion *in Limine* No. 4 to Exclude Any Evidence or Argument Concerning Alleged Complications and Defects that Did Not Occur in this Case (ECF No. 177) is **GRANTED**.

2

Plaintiff's Motion *in Limine* No. 3 to Exclude Evidence Relating to the United States Food and Drug Administration (ECF No. 231) and Defendants' Motion *in Limine* No. 8 to Exclude Evidence and Argument Concerning Alleged Fraud on the FDA, Misbranding, or Violation of FDA Regulations (ECF No. 209) are **DENIED IN PART**. The parties may present certain evidence related to information submitted or omitted in the course of the 510(k) clearance of Bard's Ventralight ST, but the Court will provide an instruction to the jury regarding the statutory and regulatory requirements for the 510(k) process and will issue a written decision on this motion.

Plaintiff's Motion *in Limine* No. 16 to Exclude the FDA's Hernia Surgical Mesh Implants Webpage (ECF No. 233) is **DENIED.**

The Court reserved ruling and will issue separate decisions on Plaintiff's Motion *in Limine* No. 9 to Exclude Any Evidence or Argument that Ventralight ST or other "ST" Products Are Still on the Market (ECF No. 245) and Defendants' Motion *in Limine* No. 5 to Preclude Records, Testimony, Reference, Or Argument Concerning FDA Inspections And Third-Party Audits (ECF No. 178).

**IT IS SO ORDERED.**

9-11-2020
DATE

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

3