UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Johns v. CR Bard et al*,
Case No. 2:18-cv-01509

## MOTIONS *IN LIMINE* ORDER NO. 3

### September 10, 2020 Conference on Motions *in Limine*

This matter came before the Court for a status conference on September 10, 2020. Upon consideration of the parties' briefs and their arguments presented, the Court in accordance with the conclusions made on the record at the hearing held as follows:

The Court heard further argument on Americas Hernia Society Quality Collaborative Foundation's ("AHSQCF") Motion *in Limine* (ECF No. 180), in addition to Plaintiff's Motion *in Limine* No. 7 to Exclude Any Percentages or Comparative Analysis of Adverse Events (ECF No. 243), Plaintiff's Motion *in Limine* No. 23 to Exclude Arguments and Evidence Relating to the Number of Devices Sold Or Implanted, or That Hernia Mesh Products are Lifesaving Devices (ECF No. 247), Defendant's Motion *in Limine* No. 12 to Exclude Evidence and Argument Concerning Medical Device Reports and Complaints Related to Patients Other Than Plaintiff (ECF No. 213.) The Court ordered Plaintiff to submit a sample of Medical Device Reports ("MDRs") to the Court for review by 9:00am on Monday, September 14, 2020. The Court reserved ruling on and will issue a separate decision on these motions.

The Court reserved ruling on Defendants' Motion *in Limine* No. 6 to Exclude Any

Evidence or Argument Concerning Foreign Regulatory Actions (ECF No. 179) and will issue a separate decision on this motion in conjunction with Defendants' Motion *in Limine* No. 5 to Preclude Records, Testimony, Reference, Or Argument Concerning FDA Inspections And Third-Party Audits (ECF No. 178).

Defendants' Motion *in Limine* No. 13 to Limit Evidence and Argument of Other Litigation (ECF No. 214) is **GRANTED IN PART**. The parties may not introduce evidence of the number of cases pending in this MDL, experts' retention or fees in other cases in this MDL or other mesh litigation involving Bard, or the number of lawyers representing either party, but they may introduce evidence of experts' fees in this case and retention and fees in other non-mesh cases, as well as prior inconsistent testimony. The Court reserved ruling on evidence regarding the role of Exponent in published studies, if and when the issue arises during trial. The Court also reserved ruing on the issue of prior litigation involving similar Bard products, to be resolved in conjunction with Defendants' Motion *in Limine* No. 11.

The Court reserved ruling on Defendants' Motion *in Limine* No. 11 To Exclude Evidence and Argument Related to Pelvic or Transvaginal Mesh Devices (ECF No. 212) pending a hearing to be held on the similarities between the products at issue in the pelvic and transvaginal mesh litigation and the product at issue in this case.

Defendants' Motion *in Limine* No. 7 to Exclude Evidence and Argument of Nonexistent Duties (ECF No. 208) is **GRANTED**. Plaintiff may not present evidence or argument regarding Bard's ability to obtain a Premarket Approval ("PMA"), though he may present evidence regarding ISO standards/guidelines as this Court's ruled with respect to Plaintiff's Motion *in Limine* No. 14.

Plaintiff's Motion *in Limine* No. 18 to Exclude Evidence, Testimony, and Reference

2

Regarding the Learned Intermediary Doctrine (ECF No. 239) is **DENIED**, consistent with the Court's rulings in DMO 1 regarding Bard's Motion for Summary Judgment.

Plaintiff's Motion *in Limine* No. 5 to Exclude Evidence or Argument Regarding Polypropylene Historical Use, "Gold Standard" and "Standard of Care," and that Other Products or Procedures Would Have Caused the Same or Similar Complications in Plaintiff (ECF No. 228) is **GRANTED IN PART AND DENIED IN PART.** Bard may not introduce evidence of the "gold standard" or that other devices or procedures would have caused the same outcome for Plaintiff, but Bard may use the term "medical standard of care," and not to refer to the "standard of care," as that is a different determination.

Plaintiff's Motion *in Limine* No. 4 to Preclude Any Evidence or Argument Concerning Defendants' Employees, Witnesses, Expert Witnesses, and/or Their Family Members' Personal Experience with Hernia Mesh (ECF No. 221) is **GRANTED IN PART AND DENIED IN PART**. Bard may introduce limited evidence regarding Ms. Baker's implantation of a Ventralight ST device as the Court explained during the conference, and Plaintiff may conduct a supplemental deposition of Ms. Baker to be held by video and lasting no more than thirty minutes.

The Court reserved ruling on Plaintiff's Motion *in Limine* No. 21 to Exclude Evidence and Argument Concerning Surgical Witnesses' Prior Use of Polypropylene Meshes Without Incident (ECF No. 244). Consistent with the Court's rulings in EMO 7 regarding Plaintiff's motion to exclude Dr. Renton, Plaintiff's Motion in *Limine* No. 21 is **DENIED**. Dr. Renton's and Dr. Novitsky's experiences as hernia surgeons and their use of the Ventralight ST are reliable bases for their opinions in this case, as it is "well established that experience-based testimony satisfies Rule 702 admissibility requirements." *In re E. I. du Pont de Nemours & Co.*

3

*C-8 Pers. Injury Litig.*, 345 F. Supp. 3d at 902 (citing *Kumho Tire Co., Ltd.*, 526 U.S. at 141, 119 S.Ct. 1167; *United States v. Poulsen*, 543 F.Supp.2d 809, 811-12 (S.D. Ohio 2008)). Plaintiff has not identified any specific opinion of Dr. Renton or Novitsky regarding their patients' complications rates that would be unreliable, or any particular statement by Dr. Jensen regarding his patients' specific complication rates that either party seeks to offer that would be inadmissible.

Plaintiff's Motion *in Limine* No. 12 To Exclude Argument as to Potential Impact of a Plaintiff Verdict on The Availability of Treatment Options for Patients and Physicians is **GRANTED**, consistent with the Court's rulings on Plaintiff's Motion *in Limine* No. 1

IT IS SO ORDERED.

9-11-2020
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4