**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | **Case No. 2:18-md-2846** |
| | **JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |

**This document relates to:**
*Johns v. CR Bard et al*,
**Case No. 2:18-cv-01509**

<u>**MOTIONS IN LIMINE ORDER No. 6**</u>

On October 28, 2020, the Court held a status conference and hearing in this case. The Court considered the list of outstanding motions in limine below and reached the following determinations.

The Court **RESERVES JUDGMENT** as to Plaintiff's Motion in Limine No. 22 to Exclude any Evidence or Argument Concerning Alleged Negligence or Fault of His Treating Surgeon Dr. Jensen (ECF No. 246). A reasoned decision will follow.

The Court **RESERVES JUDGMENT** as to Defendants' Motion in Limine No. 15 to Exclude Evidence and Argument Concerning Marketing Materials and Acts of Defendants' Sales Representatives not Relied Upon by the Prescribing Physician or Plaintiff. (ECF No. 218.) In supplemental briefing, the parties must identify—and preferably attach—the marketing materials in question. On or before **November 11, 2020**, Plaintiffs must to file a supplemental brief, Defendant must file a response on or before **November 25, 2020**, and Plaintiff shall file a reply on or before **December 4, 2020**.

1

The Court **RESERVES JUDGMENT** on Defendants' Motion in Limine No. 14 Exclude Evidence and Argument Concerning Defendants' Conduct Postdating Plaintiff's Implant Surgery (ECF No. 215). A written decision will follow.

Plaintiff's Motion in Limine No. 11 to Exclude Evidence, Testimony, Reference, Comments, and Documents Regarding Plaintiff's Counsel (ECF No. 216) is **GRANTED**. At the hearing, the parties did not disagree that this evidence is generally inadmissible. Neither side will be permitted to introduce evidence related to the parties' counsel. It is also important to emphasize that no party may introduce evidence of the number of cases pending against Defendants.

The Court then addressed Defendants' Motion in Limine No 17 to Exclude Evidence and Argument Concerning Unrelated Investigations, Convictions, Congressional Committee Proceedings and Letters, Settlements, or Alleged Bad Acts (ECF No. 220). As to the evidence of convictions, the Court **RESERVES JUDGMENT**. The Court will issue a written decision. For the evidence of Congressional committee proceedings, the Court **RESERVES JUDGMENT** and orders supplemental briefing at the request of Plaintiff to address whether these records are admissible under a hearsay exception. Plaintiff must file a supplemental brief on or before **November 4, 2020,** and Defendants may file a response on or before **November 11, 2020**. As to the evidence of a settlement, the Court **RESERVES JUDGMENT**. A written decision will follow.

Defendants' Motion in Limine No. 18 to Exclude Evidence and Argument Concerning Corporate Intent, Motives, or Ethics (ECF NO. 222) is **GRANTED IN PART AND DENIED IN PART**. The parties agreed during the hearing that expert witnesses may not offer testimony on the Defendant corporations' intents and motives. However, if

Case: 2:18-cv-01509-EAS-KAJ Doc #: 366 Filed: 11/13/20 Page: 3 of 5  PAGEID #: 18931
a corporate witness has personal knowledge of the Defendant corporations' intent or motive, such questioning may be permissible. In the event that a witness testifies on this subject matter, the Court will resolve any personal-knowledge issues during trial.

Plaintiff's Motion in Limine No. 17 to Exclude Evidence, Testimony, Reference, Comments and Documents Regarding the Number of Times an Expert Witness' Testimony was Accepted or Rejected in Other Litigations (ECF No. 238) is **GRANTED IN PART AND DENIED IN PART**. The parties may introduce evidence of how often an expert has served as an expert witness. This is generally permissible to impeach the expert for bias. However, the parties may not introduce evidence of how many times an expert's testimony has been rejected in another litigation. There are any number of reasons why an expert's testimony could be rejected, from relevancy and prejudice to expert qualifications. Evidence that another court had rejected the expert's testimony would necessitate an analysis of the circumstances of the other litigation to determine the relevancy of the rejection, which would unnecessarily protract litigation. *See* Fed. R. Evid. 403.

Defendants' Motion in Limine No. 21 to Exclude the Use of any Deposition Testimony and Exhibits During Opening Statements (ECF No. 225) is **GRANTED IN PART AND DENIED IN PART**. The parties may characterize, quote, and summarize depositions, as well as present slides with pertinent characterizations, quotes, and summaries, during opening argument. However, they may not quote more than **one page of depositions**, nor may they present deposition videos.

Plaintiff's Motion in Limine No. 8 to Exclude Certain Evidence Related to UCSF has three parts. As to the first part regarding whether evidence of Plaintiff's expert David

Kessler's, M.D., termination at the University of California San Francisco Medicine ("UCSF"). (ECF No. 237 at PageID #1295.) In their response, Defendants argue that evidence of their expert's, Dr. Donna Bea Tillman, departure from the Food and Drug Administration should also be excluded. (ECF No. 264 at PageID #14083–84.). For both issues, the Court **RESERVES JUDGEMENT**. For Tillman, the parties must submit supplemental briefing. Plaintiff shall file supplemental briefing on or before **November 4, 2020** summarizing the circumstances of Tillman's departure and why this evidence is relevant. Defendants may respond on or before **November 11, 2020**.

The second part of Plaintiff's motion pertains to Kessler's compensation. (ECF No. 12957 at PageID #12957.) This part of the motion is **GRANTED IN PART AND DENIED IN PART**. The parties may introduce evidence of Kessler's compensation, including an explanation that he negotiated for an exception to UCSF's rule that prohibits faculty from earning income outside of the University. However, the parties may not introduce evidence that Kessler obtained a waiver of this policy so that he could provide other expert testimony. This line of argument runs the risk of indicating to the jury that other cases in this MDL exist.

Finally, Plaintiff seeks the exclusion of a UCSF webpage with an article titled "Laparoscopic Ventral Hernia Repair." (ECF No. 237 at PageID #12958.) The motion is **GRANTED IN PART AND DENIED IN PART**. A reasoned decision will follow.

In sum, the Court (1) **RESERVES JUDGMENT** as to Plaintiff's Motion in Limine No. 22 (ECF No. 246), (2) **RESERVES JUDGMENT** as to Defendants' Motion in Limine No. 15 (ECF No. 218), (3) **RESERVES JUDGMENT** on Defendants' Motion in Limine No. 14 (ECF No. 215), (4) **GRANTS** Plaintiff's Motion in Limine No. 11 (ECF

4

No. 216), (5) **RESERVES JUDGMENT** on Defendants' Motion in Limine No 17 (ECF No. 220), (6) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion in Limine No. 18 (ECF NO. 222), (7) **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion in Limine No. 17 (ECF No. 238), (8) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion in Limine No. 21 (ECF No. 225), and (9) **RESERVES JUDGMENT** part one and **GRANTS IN PART AND DENIES IN PART** parts two and three of Plaintiff's Motion in Limine No. 8 (ECF No. 237.) Written decisions will be issued where the Court has reserved judgment. Additionally, the parties shall file supplemental briefing regarding Defendants' Motion in Limine No. 15 (ECF No. 218), Defendants' Motion in Limine No 17 (ECF No. 220), and Plaintiff's Motion in Limine No. 8 (ECF No. 237).

     **IT IS SO ORDERED.**

**11/13/2020**                        *s*/**Edmund A. Sargus, Jr.**
**DATE**                           **EDMUND A. SARGUS, JR.**
                                  **UNITED STATES DISTRICT JUDGE**