# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |
| This document relates to:<br>*Johns v. CR Bard et al.*,<br>Case No. 2:18-cv-1509 | |

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION TO COMPEL (ECF NO. 398)

Before the Court is Plaintiff's motion to compel non-party Red Oak Sales to produce a completely unredacted email (ECF No. 398) and Red Oak's email request for oral argument on the motion.  The issue in this discovery dispute is narrow and discrete, though the briefing and procedural history of this issue suggests otherwise.  The question is whether an attorney's email address and name must be disclosed when the attorney was a blind-carbon-copy ("bcc") recipient of an email from Red Oak to Defendant Bard, Inc.  The the body of the email has already been produced, as has the name of the law firm representing Red Oak, Womble Bond Dickinson, LLP.  However, Red Oak argues that attorney-client privilege applies to the bcc recipient line of the email, which Red Oak redacted.  For the reasons below, Plaintiff's motion to compel is granted and Red Oak's request for oral argument is denied as moot.

"The scope of discovery is within the discretion of the trial court." *Johnson v. Hensley*, 62 F. App'x 85, 86 (6th Cir. 2003).  The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1).  Fed. R. Civ. P. 26(b)(1).  "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." *Id.* Generally, parties may not unilaterally redact information contained in otherwise responsive documents on the grounds that the information is irrelevant. *Am. Mun. Power, Inc. v. Voith Hydro, Inc.*, No. 2:17-cv-708, 2020 WL 5014914, at *3 (S.D. Ohio Aug. 25, 2020). In a few cases, courts in this circuit have permitted redactions of irrelevant information, but these redactions are "the exception rather than the rule." *Beverage Distrib., Inc. v. Miller Brewing Co.*, Nos. 2:08–cv–827, 2:08–cv–931, 2:08–cv–1112, 2:08–cv–1131, 2:08–cv–1136, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010). To reach this conclusion, the Court has relied on the emphasis of the Federal Rules of Civil Procedure on the production of "documents" as opposed to "portions of documents." *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2011 WL 13078603, at *7 (S.D. Ohio Aug. 8, 2011) (discussing Federal Rule of Civil Procedure 34); *see also* Fed. R. Civ. P. 45 (referencing "documents" throughout).

The email is relevant and responsive to Plaintiff's discovery request, and thus the entire email must be produced. Plaintiff subpoenaed Red Oak pursuant to Rule 45 to produce "documents and communications" between Red Oak and "any entity that manufacturers and/or distributes polypropylene-based implantable medical devices related to the acquisition source, use, application, and specifications thereof of the resign, component part, and/or monofilament source of the polypropylene." (ECF No. 414-1 at PageID #22067.) The email is from Red Oak to Bard, including as an attachment the Material Safety Data Sheet ("MSDS") for PROFAX 6523 Polypropylene resin and highlighting language in the MSDS limiting the use of the resin for human implantation. (ECF No. 414-3 at PageID #22164.) The email states: "Therefore we ask that you acknowledge receipt of the attached MSDS and confirm to Red Oak Sales that you will determine

2

if the MSDS language is relevant to Bard's use of the resin in its mesh products, and if necessary, take appropriate action." (*Id.*)

Red Oak argues to no avail that even though the email is otherwise relevant and responsive, the bcc recipient line is properly redacted. (ECF No. 414 at PageID #22034 –35.) Red Oak argues that although there is a general rule against redacting portions of responsive documents, an exception exists for irrelevant portions "when there is little or no burden placed on the Court to resolve the [discovery] dispute," such as here where one line of redactions is at issue in a single email. (*Id.* at PageID #22035–36.) True, courts consider the burden on the court, but courts have identified two other "themes" in cases permitting redactions of portions of otherwise relevant and responsive discovery documents: the general rule is against such redactions and normally parties are not harmed by the production of irrelevant information. *Beverage Distrib.*, 2010 WL 1727640, at *4. Red Oak fails to meaningfully grapple with why this redaction is the exception to the rule, in particular how it will be harmed by producing the email and name of the attorney in the bcc recipient line. Red Oak's position is essentially that so long as it is not burdensome on courts to address the discovery dispute, redactions to otherwise responsive documents are permissible. This is not the rule in this circuit.

Red Oak also unpersuasively argues that the bcc recipient line is a privileged attorney-client communication. (ECF No. 414 at PageID #22036–38.) In a federal diversity case, the law of the state in which the federal court sits governs privileges issues, *In re Powerhouse Licensing*, 441 F.3d 467, 472 (6th Cir. 2006), including the forum state's choice-of-law rules," *S. Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, 763 F. App'x 401, 407 (6th Cir. 2019). Ohio applies the approach in the Restatement (Second) of Conflict of Laws or the most-significant-relationship approach. *Am. Interstate Ins. Co. v. G & H Serv. Ctr., Inc.*, 861 N.E.2d 524, 526–27 (Ohio 2007).

The forum with the most significant relationship to a communication is located where the communication took place or where a communication was received. Restatement (Second) Conflict of Laws § 139 cmt. e (Westlaw October 2020 Update). North Carolina law governs the privilege issue here because the specific communication at issue is the email between Red Oak and the bcc recipient attorney, and Red Oak sent the email from North Carolina and the attorney received the email in North Carolina.

The bcc recipient line is not a privileged communication between an attorney and client. If Red Oak seeks to raise attorney-client privilege for the bcc recipient line, Red Oak must show the recipient line itself contains privileged information. *See Sessions v. Sloane*, 789 S.E.2d 844, 856–57 (N.C. 2016) (applying this reasoning to the subject lines of emails independently from the email body). Red Oak makes no showing that the name of an attorney, or their email is a privileged communication or contains privileged information. Red Oak simply argues that there is no precedent for requiring the identity of an attorney and email address to be disclosed. This is insufficient to meet their burden. *Id.* at 856 (noting the burden is on the proponent of the privilege).

Red Oak also argues that the act of bcc'ing counsel converts the email to Bard into a separate communication between Red Oak and its counsel (ECF No. 414 at PageID #22033), but still Red Oak fails to show attorney-client privilege applies. The attorney-client privilege applies if the communication was confidential and the communication was "made the course of giving or seeking legal advice for a proper purpose." *State v. McNeill*, 813 S.E.2d 797, 824 (N.C. 2018) (quoting *State v. Murvin*, 284 S.E.2d 289, 294 (N.C. 1981)). Red Oak had no expectation of confidentiality because Red Oak included Bard on the email, vitiating any confidentiality. *Berens v. Berens*, 785 S.E.2d 733, 740 (N.C. 2016) (characterizing the issue as one of waiver). Red Oak fails to explain how the bcc shows that Red Oak expected confidentiality with its counsel.

4

Moreover, the email was not "sent or received for the purpose of giving or seeking legal advice." *Isom v. Bank of Am., N.A.*, 628 S.E.2d 458, 411 (N.C. Ct. App. 2006). The email was made with the purpose of notifying Bard of the MSDS and at best keeping counsel updated. But the email itself was not sent for the purpose of seeking legal advice. The fact that an attorney is "copied in the exchange merely for informational purposes" does not trigger the attorney-client privilege. *Id.* "[A] document, which is not [already] privileged in the hands of the client, will not be imbued with the privilege merely because the document is handed over to the attorney." *Id.* (first alteration in original) (quoting *Mason C. Day Excavating, Inc. v. Lumbermens Mut. Cas. Co.*, 143 F.R.D. 601, 607 (M.D.N.C. 1992)). Thus, the attorney-client privilege does not apply here.[1]

For these reasons, Plaintiff's motion to compel (ECF No. 398) is **GRANTED** and Red Oak's request for oral argument on the motion is denied as moot.

**IT IS SO ORDERED.**


| | |
|---|---|
| **2/18/2021**<br>**DATE** | **s/Edmund A. Sargus, Jr.**<br>**EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |

---

[1] In response to Red Oak's assertion of attorney-client privilege, Plaintiff raises the crime-fraud exception to the privilege. (ECF No. 398 at PageID #20981–82.) Specifically, Plaintiff alleges that the email at issue is sufficient to show that the bcc'd counsel was on notice that Red Oak knew it was supplying Bard with non-medical grade poSlypropylene for medical device implants. (ECF No. 420 at PageID #22231.) The proponent of the crime-fraud exception must show by a preponderance of the evidence that "(1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme and (2) the documents contain the privileged materials bear a close relationship to the client's existing or future scheme to commit fraud." *Window World*, 2019 WL 3995941, at *17 (quoting *In re Grand Jury*, 705 F.3d 133, 152 (3d Cir. 2012)).

Plaintiff utterly fails to satisfy this two-prong test by a preponderance-of-the-evidence standard. As stated above, this email falls far short of a communication with counsel seeking legal advice, much less one seeking legal advice in furtherance of fraudulent scheme. And the email hardly bears a close relationship with Defendants' fraudulent scheme to defraud investors by securing non-medical grade polypropylene to boost the share price of Defendants and/or their subsidiaries. (*Id.* at PageID #22231.) The email simply brings an MSDS to Defendants' attention; it has no direct relationship to a scheme itself.