UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC.,
POLYPROPYLENE HERNIA MESH
PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

This document relates to:
*Johns v. C.R. Bard, et al.*
Case No. 2:18-cv-01509

## CASE MANAGEMENT ORDER NO. 23-E

### Pretrial and Trial Schedule for First Bellwether Trial Case

On January 24, 2020, the Court selected *Johns v. C.R. Bard et al.*, Case No. 2:18-cv-01509 as the first Bellwether Trial Case that will be tried in this multidistrict litigation ("MDL"). Due to the impact of the coronavirus (COVID-19) outbreak, this trial has been rescheduled to Monday, August 2, 2021. This amended CMO supersedes the deadlines in CMOs 23, 23-A, 23-B and 23-C, 23-D as set forth below.

I. **TRIAL AND FINAL PRETRIAL CONFERENCES**

   A. **Trial**

   1. The first Bellwether Trial Case is scheduled for trial on August 2, 2021 at 9:00 a.m. in Courtroom 311.

   2. Trial counsel shall meet in the chambers of Judge Sargus at 8:30 a.m. on each day of the trial.

   B. **Final Pretrial Conferences**

   1. The first final pretrial conference shall be held on July 14, 2021, at 10:00 a.m. in the chambers of Judge Sargus. All trial counsel must appear.
   2. The second final pretrial conference shall be held on July 21, 2021, at 10:00 a.m. in the chambers of Judge Sargus.

3.

    a. The Court will resolve the objections to the deposition designations and objections to the exhibits.

    b. All trial counsel must appear.

    c. Attached to this CMO is the Court's Final Pretrial Order ("CMO 23-F"). The parties shall jointly submit CMO 23-F on or before <u>July 26, 2021</u>.

## II. DEPOSITION DESIGNATIONS

### A. Deadlines

1. For depositions completed or to be completed[1] **after March 6, 2020**, the parties shall follow the following protocol: (1) the parties shall order an expedited transcript; (2) A party wishing to designate from the transcript ("Designating Party") shall serve page/line designations of deposition testimony **7 days after receipt of the transcript**; (3) the Non-Designating Party shall serve (a) page/line counter-designations of deposition testimony; and (b) objections to the Designating Party's page/line deposition designations **7 days** after receipt of the Designating Party's designations; (4) the Designating Party shall serve (a) objections to the Non-Designating Party's page/line deposition counter-designations; and (b) page/line counter-counter designations in support of its own designations **3 days** after receipt of the Non-Designating Party's counter-designations; and (4) the Non-Designating Party objections to the Designating Party's counter-counter designations **3 days** after receipt.  If a deposition is not completed by **June 28, 2021**, then the parties will apply the Court's rulings on other designations to narrow any objections.

2. All page/line designations, counter-designations, counter-counter designations, and objections shall be exchanged by the parties in an Excel format to be agreed on by the parties.

3. The Parties shall reassess their designations to conform with the Court's rulings after they have the benefit of all of the Court's rulings on dispositive, *Daubert* and *in limine* motions that are pending as of the date of the entry of this Order ("Date of Last Order"). The Parties shall follow the following schedule:

    a. For Plaintiff's Affirmative Designations: (a) Plaintiff shall

---

[1] A deposition that has been adjourned is not deemed completed for purposes of this protocol.

2

  reassess affirmative designations and exchange modified designations **21 days after the Date of Last Order**; (b) Defendants shall reassess and exchange modified counter-designations **10 days** after Plaintiff's reassessment pursuant to (a); (c) Plaintiff shall reassess any counter-counter designations and exchange modified designations **10 days** after Defendants' reassessment pursuant to (b).

 b. For Defendants' Affirmative Designations: (a) Defendants shall reassess affirmative designations and exchange modified designations **28 days after the Date of Last Order**; (b) Plaintiff shall reassess and exchange modified counter-designations **10 days** after Defendants' reassessment pursuant to (a); (c) Defendants shall reassess any counter-counter designations and exchange modified designations **10 days** after Plaintiff's reassessment pursuant to (b).

 B. **Due to Court**

All unresolved objections must be submitted to the Court by **<u>Monday, June 14, 2021</u>**, **<u>or 10 days after the Date of Last Order, whichever is later</u>**, at 9:00 a.m., along with copies of the deposition transcripts to which there are unresolved objections. However, the parties will not be permitted to submit any counter-counter designations and objection to the Court without leave, and only then for good cause.

III. **EXHIBIT LISTS**

 A. **Deadlines**

  1. The Parties shall reassess their exhibit lists to conform with the Court's rulings after they have the benefit of all of the Court's rulings on dispositive, *Daubert* and *in limine* motions that are pending as of the date of the entry of this Order ("Date of Last Order"). The Parties shall follow the following schedule: (a) Plaintiff shall reassess and exchange a modified exhibit list **21 days after the Date of Last Order**; (b) Defendants shall reassess and exchange a modified exhibit list **28 days after the Date of Last Order**.

  2. The Parties may supplement their exhibit lists with evidence discovered or depositions taken after August 26, 2020 by **May 21, 2021**. The Parties shall serve any objections to the supplemental exhibit lists by **May 28, 2021**.

3

    3.    The parties shall have the right to supplement their exhibit list(s) in light of any and all ongoing discovery.

  **B. Due to Court**

All unresolved objections must be submitted to the Court by **Monday, June 14, 2021, or 10 days after the Date of Last Order, whichever is later,** at 9:00 a.m., along with copies of the exhibits to which there are unresolved objections in a three-ringed, tabbed notebook.

The Court strongly encourages the parties to utilize the electronic courtroom technology for presentation of evidence. The parties shall report to the Court, by joint submission, on or before the date of the first final pretrial conference, their intent to use the technology. If the parties are not utilizing the Court's complete electronic technology, they shall present their exhibits by using the document cameras (ELMOs) located at counsel tables. The parties shall provide copies of the exhibits to the Court as used during trial, and are not required to submit copies to the Court before trial, other than the exhibits to which there are unresolved objections.

**IV. MOTIONS *IN LIMINE***

  **A. Deadlines**

    1.    The Parties may file by **May 14, 2021** additional motions *in limine* limited only to evidence discovered or depositions taken after August 4, 2020. Responses in opposition to the additional motions *in limine* shall be filed by **May 28, 2021**.

  **B. Procedures**

    1.    The following apply to all *in limine* motions:

        a.  Index to motions *in limine:* If filing more than one *in limine* motion, the party shall submit to the Court and to the opposing party an "Index to Motions *in Limine.*"

      b. Attachments to motions *in limine:* If filing an *in limine* motion seeking an evidentiary ruling on a category of documents, testimony, or argument the party shall attach to the *in limine* motion document(s) or testimony on which it seeks a pre-trial ruling. A party responding shall attach any document or testimony that it deems is necessary for the Court to fully consider the evidentiary issue presented.

      c. Page Limitation: Individual *in limine* motions and responses shall be limited to 10 double-spaced pages; replies shall be limited to 6 double-spaced pages absent agreement of the parties or leave of Court.

2. The parties shall indicate in any *in limine* motion and response their position on whether the Court ruled on the issue previously in this case or another case in this MDL, whether they are moving to preserve, or whether they are asking for reconsideration because of new or different circumstances or other good cause.

## V. VOIR DIRE

The parties shall exchange proposed voir dire questions on **June 11, 2021**. The parties shall submit their proposed voir dire questions to the Court by **June 21, 2021**.

The whole panel of prospective jurors (i.e., those in the jury box and those seated in the rear of the courtroom) will be examined collectively. The Court will conduct some of the voir dire examination.

After voir dire, the Court will consider challenges for cause and peremptory challenges. Each prospective juror is assigned a number by the Clerk's Office. A list of the jurors' names and numbers is available to counsel prior to the commencement of trial. When challenging a juror, counsel should refer to the juror by name and number.

Counsel will not be permitted to question jurors individually regarding background information. This information is contained in juror questionnaires which will be on file in the Clerk's Office. Counsel should examine these forms prior to the

commencement of trial.

Counsel should contact the Court's Law Clerk, Katie Brown, who can be reached at (614) 719- 3253 or Katie_Brown@ohsd.uscourts.gov, to arrange access to juror questionnaires.

Because of the estimated length of this trial, the parties shall meet and confer and submit to the Court by **June 10, 2020**, an additional questionnaire to be sent to the jury pool. The main question in this questionnaire will be whether the juror can serve for the length of the trial. The Court will entertain additional questions the parties propose to be in included in the questionnaire.

### VI. JURY INSTRUCTIONS

#### A. Jury Instructions from the Court

The Court will prepare preliminary and general jury instructions. The parties may obtain an example of the Court's general instructions from the Court's Law Clerk, Katie Brown. The parties shall concentrate their efforts on the case-specific instructions.

#### B. Proposed Jury Instructions from the Parties

The parties shall submit jointly one set of proposed jury instructions which contains the parties agreed upon case-specific instructions, and, in the event the parties cannot agree on an instruction, each party's own individual proposed case-specific instruction. To this end, counsel shall adhere to the following procedures:

1. The parties shall serve their proposed jury instructions on each other on or before **June 11, 2021**.

2. Counsel then shall meet, confer and agree on proposed case-specific jury instructions.

3. If, after concerted good faith effort, the parties are unable to agree upon a particular case-specific instruction, each party shall propose its own version. Plaintiff's version shall be presented first, immediately followed

       by Defendant's version of the jury instruction, complete with pinpoint citations to binding authority. Each version, Plaintiff's and Defendant's, shall appear together on one page for ready comparison. Versions of longer instructions (over one page) shall appear one after another. A party may indicate its general objection to the giving of the proposed instruction.

    4.      Proposed case-specific jury instructions shall be submitted to the Court on or before **June 21, 2021**.

All instructions shall be concise, understandable and neutral. Further, counsel shall at a minimum agree on a common index and the proposed instructions from all parties shall correspond to the index.

## VII. MODIFICATION

The parties may by agreement modify the dates within this CMO that affect only the parties. All deadlines established for submissions to the Court may only be modified for good cause and with the permission of the Court.

## VIII. ADDITIONAL GUIDELINES

### A. Jury

Any prospective juror may be challenged for cause. Each party shall be entitled to three (3) peremptory challenges. 28 U.S.C. § 1870. The parties will exercise their peremptory challenges alternately with the plaintiff exercising the first challenge. If either party "passes," that challenge will be counted as used.

In most civil cases the Court will seat a jury of eight (8) members. In accordance with Federal Rule of Civil Procedure 48, all jurors shall participate in the verdict unless excused pursuant to Rule 47(c). Unless the parties otherwise stipulate, the verdict shall be unanimous.

### B. Trial Procedure

Trial will commence every day at 9:00 a.m. The Court will take one mid-morning break, one lunch break, and one mid-afternoon break each day.

### C. Disclosure of Live Witnesses

Unless the parties agree otherwise, given the nature of this trial, including the extraordinary amount of documents and preparation, disclosure of live witnesses to be called to testify, and expected order, shall be made 24 hours in advance of the witness testifying.

Any new witness for a Monday shall be disclosed on Friday before 9:00 p.m. (Eastern Standard Time). The parties shall use good faith efforts to notify opposing counsel of witnesses to be presented by deposition designations 24 hours in advance of their use at trial, but the intent of this is not to preclude a party from utilizing a deposition designation if time allows for such use during the natural progression of the trial.

### D. Other Matters

This Order supersedes all previous orders in this case to the extent previous orders are inconsistent with this Order.

The parties shall address questions about this Order to the Court's Law Clerk, Katie Brown. When calling or emailing, please have counsel for all parties participating or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

SIGNED 9th day of March, 2021.

                                                s/ Edmund A. Sargus, JR.
                                                EDMUND A. SARGUS, JR.
                                                UNITED STATES DISTRICT JUDGE

                                                s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE