UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION

Case No. 2:18-md-2846

Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

**This document relates to:**
*Johns v. Davol, Inc. et al.*,
Case No. 2:18-cv-1509

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Seal (Doc. 406). For the reasons that follow, Defendants' Motion is **GRANTED**, and Exhibit W to Plaintiffs' Motion to Compel (Doc. 398-23) shall be permanently sealed.

### I. BACKGROUND

Plaintiffs, on January 15, 2021, moved to compel non-party Red Oak Sales ("Red Oak") to produce an unredacted version of an email. (Doc. 398). Plaintiffs attached 28 exhibits in support of their Motion, most of which, say Defendants "are [their] confidential documents." (Doc. 398 at 1). Plaintiffs subsequently agreed to either withdraw or substitute redacted versions of all but one exhibit—Exhibit W. (*Id*. at 1–2). Defendants now move to seal that exhibit, asserting that it "details Bard's sensitive financial information." (*Id*. at 2).

On February 18, 2021, the Court granted Plaintiffs' Motion to Compel. (Doc. 422). Important here, the Court noted the narrow scope of the issue and did not rely upon any of the exhibits, including Exhibit W, in reaching its decision. (*See generally id*.).

## II. STANDARD

A district court may enter a protective order during discovery on a mere showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[V]ery different considerations apply" when a party seeks to seal documents "[a]t the adjudication stage," which applies "when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.*, 825 F.3d at 305 (quotation omitted) ("Only the most compelling reasons can justify non-disclosure of judicial records."). "[T]he seal itself must be narrowly tailored to serve that reason," which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Similarly, the court "that chooses to seal court records must set forth specific findings and conclusions which justify nondisclosure." *Id.* at 306 (quotation omitted).

## III. DISCUSSION

Exhibit W, which Defendants seek to seal, is a November and December 2019 email chain in which Jeremy Pinsly, a manager in Defendants' product engineering group, and two other employees, Phil Tessier, an engineer, and Victor Maldonado, a financial analyst, "discuss the commercial and financial impact of a project central to Bard's business." (Doc. 405 at 3–4). Defendants assert that the correspondence "discloses sensitive financial information related to Bard's financial health that, if disclosed to Bard's competitors, would put Bard at a competitive

disadvantage." (*Id*. at 4). Thus, Defendants say that the email's "sensitive nature and the potential risk of competitive harm warrants permitting Exhibit W to remain sealed." (*Id*.).

Defendants have set forth a compelling reason in favor of sealing Exhibit W. "This Court has repeatedly recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings. . . ." *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (citations and quotation marks omitted); *see also MD Helicopters Inc. v. Boeing Co.*, No. CV-17-02598-PHX-JAT, 2019 WL 2184762, at *2 (D. Ariz. May 21, 2019) (granting motion to seal "confidential information that [a party's] competitors could use to gain a competitive advantage"); *Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*, No. 3:12-cv-26, 2012 WL 12929563, at *1 (S.D. Ohio June 22, 2012) (sealing confidential business information where it "could be used by Defendants' competitors in an effort to gain strategic advantage" if disclosed); *Jones v. Mich. Dep't of Corr.*, No. 05-CV-72817-DT, 2007 WL 2875173, at *1 (E.D. Mich. Sept. 28, 2007) (granting motion to seal "to protect the confidentiality of sensitive materials"), *aff'd*, 569 F.3d 258 (6th Cir. 2009).

The Court must weigh this compelling reason against the public's right of access to court records. *See Kraras v. Safeskin Corp.*, No. 2:98-cv-0169, 2004 WL 2375525, at *9 (S.D. Ohio Aug. 26, 2004). Especially relevant is whether "the public can understand the nature of the discovery dispute at issue in Plaintiff[s'] Motion to Compel without accessing the redacted information." *Wiggins v. Bank of Am., N.A.*, No. 2:19-CV-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) (citing *London Comp. Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2019 WL 4110516, at *4 (S.D. Ohio Aug. 29, 2019) ("[T]he public will not need to view the parties' highly

confidential business information to understand the events giving rise to this dispute, or the arguments made in that motion.")).

In their Motion, Defendants assert that the public can understand the nature of the limited privilege dispute in Plaintiffs' Motion to Compel without accessing their confidential business information contained in Exhibit W. (Doc. 406 at 4–5). And they were right. As noted, the Court, in granting Plaintiffs' Motion to Compel, resolved the narrow scope of the dispute without relying upon any of the exhibits Plaintiffs attached to their Motion, including Exhibit W. The public thus does not have a strong interest in viewing Exhibit W. *Cf. Brown & Williamson Tobacco Corp.*, 710 F.2d at 1181 (noting that "[t]he public has an interest in ascertaining what evidence and records the District Court . . . ha[s] relied upon in reaching [its] decisions").

In sum, Defendants have set forth compelling reasons justifying the sealing of Exhibit W. The public's interest in the contents of that exhibit are minimal at best and do not outweigh Defendants' interest in protecting their confidential business information.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal (Doc. 406) is **GRANTED**, and Exhibit W to Plaintiffs' Motion to Compel (Doc. 398-23) shall remain under seal.

IT IS SO ORDERED.

Date: February 18, 2021

Edmund A. Sargus, Jr.
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE


Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4