UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2:18-md-2846<br><br>JUDGE EDMUND A. SARGUS, JR.<br>Magistrate Judge Kimberly A. Jolson |
| This document relates to:<br>*Johns v. CR Bard et al*,<br>Case No. 2:18-cv-01509 | |

## EVIDENTIARY MOTIONS ORDER No. 14

Before the Court is Plaintiff's Motion to Strike Undisclosed Opinions of Defense Expert James M. Anderson, M.D., Ph.D. (ECF No. 463.)  In Evidentiary Motions Order No. ("EMO") 11, the Court concluded that Dr. Anderson's opinions were admissible with the exception of some of his ST coating resorption opinions and his MSDS opinions. *In re Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Prods. Liab. Litig.*, Nos. 2:18-md-2846, 2:18-cv-1509, 2021 WL 2643114, at *6 (S.D. Ohio June 28, 2021).  Dr. Anderson's opinion that the resorption behavior of the Ventralight ST was proper because it prevented adhesions based on his visual examination of slides is relevant and reliable, and thus admissible. *Id.* at *8–9.  The Court noted that any argument about whether Dr. Anderson previously disclosed this opinion was more properly raised on a motion to strike with the benefit of full briefing. *Id.* at *8 n.3.  Plaintiff has now filed such a motion and the briefing is complete.

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony.  The parties must make their expert disclosures "at the times and in the sequence that the court orders."

1

Fed. R. Civ. P. 26(a)(2)(D). If a party fails to provide information as required by Rule 26(a) they cannot use that information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This includes expert opinions. *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 681 (6th Cir. 2011).

Dr. Anderson's ST resorption opinion is not a previously undisclosed expert opinion. As the Court noted in EMO 11, Dr. Anderson opined in response to opposing counsel's questioning about the resorption behavior of the ST layer. *In re Davol, Inc./C.R. Bard, Inc.*, 2021 WL 2643114, at *8. Plaintiff's counsel asked Dr. Anderson how an animal study informed his ST resorption opinions. (ECF No. 409-4 at PageID #21616.) Dr. Anderson explained that the study confirmed his opinion that the Ventralight ST performed as designed, including the resorption of the ST layer. (*Id.* at PageID #21617.) In response to further questioning about how the animal study informed his opinions, Dr. Anderson stated that the ST layer "resorbs over a period of 28 days, and in that process inhibits adhesion formation."[1] (*Id.* at PageID #21618.) Plaintiff's counsel opened the door to this opinion. As another district court has recognized, opinions elicited by opposing counsel are "not the kind of ambush with an undisclosed opinion that the disclosure rules were designed to prevent." *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 646, 660 (N.D. Ill. 2006) ("If you decide to take an expert deposition, you must be careful what you ask. You may open the door to testimony that would otherwise be precluded under Rule 37(c)(1)." (citation omitted).).[2]

Plaintiff raises other arguments, but these arguments go to the admissibility of Dr.

---

[1] Plaintiff argues that Dr. Anderson's opinion is a "28-day opinion" ECF No. 463 at PageID #23465), but the Court concluded that Dr. Anderson's mention of 28 days was due to Plaintiff's further questioning on the animal study. *In re Davol, Inc./C.R. Bard, Inc.*, 2021 WL 2643114, at *7.
[2] Because Plaintiff's motion is denied on the merits, there is no need to address Defendants' contention that the motion is untimely.

Anderson's opinions under *Daubert*. This is not the function of a motion to strike, and the Court has already resolved these issues in EMO 11. First, Plaintiff contends that Dr. Anderson's ST opinion was unreliable because he did not rely on animal studies or "corresponding histopathology to form those opinions" (ECF No. 463 at PageID #23467), but the Court concluded this opinion was reliable, *In re Davol, Inc./C.R. Bard, Inc.*, 2021 WL 2643114, at *8–9. Plaintiff also asserts that Dr. Anderson does not connect his ST opinion to this case (ECF No. 463 at PageID #23468), but Dr. Anderson only offers general opinions, as discussed in EMO 11, *In re Davol, Inc./C.R. Bard, Inc.*, 2021 WL 2643114, at *7.

For these reasons, Plaintiff's Motion to Strike (ECF No. 463) is **DENIED**.

    **IT IS SO ORDERED.**


**7/29/2021**                                                                    s/Edmund A. Sargus, Jr.
**DATE**                                                                      **EDMUND A. SARGUS, JR.**
                                                                               **UNITED STATES DISTRICT JUDGE**