**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | **Case No. 2:18-md-2846** |
| | **JUDGE EDMUND A. SARGUS, JR.**<br>**Magistrate Judge Kimberly A. Jolson** |
| **This document relates to:**<br>***Johns v. CR Bard et al.*,**<br>**Case No. 2:18-cv-01509** | |

<u>**PLAINTIFF'S PROPOSED CHANGES**</u>
<u>**TO THE COURT'S DRAFT FINAL JURY INSTRUCTIONS AND VERDICT FORMS**</u>

Plaintiff Steven Johns, through Co-Lead Counsel for the Plaintiffs' Steering Committee, submits the following proposed changes to the Court's draft Final Jury Instructions and Verdict Forms.

Dated: September 7, 2021

Respectfully submitted,

/s/ David J. Butler
***Plaintiffs' Liaison Counsel***
David J. Butler (0068455)
TAFT STETTINIUS & HOLLISTER LLP
65 East State Street, Suite 1000
Columbus, OH 43215-4213
Tel: (614) 221-2838
Fax: (614) 221-2007
Email: dbutler@taftlaw.com

Timothy M. O'Brien
***Plaintiffs' Co-Lead Counsel***
Florida Bar No. 055565
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN, BARR
& MOUGEY, P.A.
316 South Baylen St., Ste. 600
Pensacola, FL 32502
Tel: (850) 435-7084

Fax: (850) 436-6084
Email: tobrien@levinlaw.com

Kelsey L. Stokes
***Plaintiffs' Co-Lead Counsel***
Texas Bar No. 24083912
FLEMING, NOLEN & JEZ, L.L.P.
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056-6109
Tel: (713) 621-7944
Fax: (713) 621-9638
Email: kelsey_stokes@fleming-law.com

**Attorneys for Plaintiffs**

**Table of Contents**

Instruction No. 1 – Province of the Court ....................................................................... 1

Instruction No. 2 – Province of the Jury ........................................................................ 2

Instruction No. 3 – All Persons Equal Before the Law .................................................. 3

Instruction No. 4 – Corporations .................................................................................... 4

Instruction No. 5 – Duties of the Jury ............................................................................ 5

Instruction No. 6 – Evidence .......................................................................................... 6

Instruction No. 7 – Inadmissible and Stricken Evidence ............................................... 7

Instruction No. 8 – Stipulations and Admissions .......................................................... 8

Instruction No. 9 – Direct and Circumstantial Evidence ............................................... 9

Instruction No. 10 – Inferences Defined ...................................................................... 10

Instruction No. 11 – Credibility of Witnesses .............................................................. 11

Instruction No. 12 – Expert Witnesses ......................................................................... 13

Instruction No. 13 – Evaluation of Deposition Testimony .......................................... 14

Instruction No. 14 – Burden of Proof ........................................................................... 15

Instruction No. 15 – Preponderance of the Evidence ................................................... 16

Instruction No. 16 – Clear and Convincing Evidence .................................................. 17

Instruction No. 17 – If You Find or If You Decide ...................................................... 18

Instruction No. 18 – General Statement of Issues ........................................................ 19

Instruction No. 19 – Fault Defined ............................................................................... 21

Instruction No. 20 – Cause Defined ........................................................................ 22

Instruction No. 21 – Negligence – Definiton of Negligence for Design Defect Claim ................... 28

Instruction No. 22 – Negligence – Elements of Design Defect Negligence Claim ......................... 29

Instruction No. 23 – Negligence – Duty of Designer ............................................... 30

Instruction No. 24 – Negligence – Duty to Warn ..................................................... 31

Instruction No. 25 – Negligence – Elements of Failure to Adequately Warn Negligence Claim ..... 32

Instruction No. 26 – Negligence – Definition of Adequate Warning ............................... 33

Instruction No. 27 – Definiton of Unreasonably Dangerous ........................................ 34

Instruction No. 28 – Negligence – Learned Intermediary ........................................... 35

Instruction No. 29 – Strict Liability – Introduction ............................................. 36

Instruction No. 30 – Strict Liability – Elements of a Claim for a Design Defect .......................... 44

Instruction No. 31 – Strict Liability – Definition of Design Defect ................................ 45

Instruction No. 32 – Industry Standard .............................................................. 46

Instruction No. 33 – Strict Liability – Definition of Unreasonably Dangerous ............................. 47

Instruction No. 34 – Strict Liability – Duty to Warn ............................................... 48

Instruction No. 35 – Strict Liability – Elements of Claim for Failure to Adequately Warn ............. 49

Instruction No. 36 – Strict Liability – Definition of Adequate Warning ......................... 50

Instruction No. 37 – Strict Liability – Definition of Unreasonbly Dangerous .............................. 51

Instruction No. 38 – Strict Liability – Learned Intermediary ........................................ 52

Instruction No. 39 – Strict Liability – Presumption that a Warning Would Have Been Read and
	Followed ........................................................................................................... 53

Instruction No. 40 – Strict Liability – Presumption that a Warning Will Be Read and Followed .... 54

Instruction No. 41 – Definition of State of the Art ........................................................ 55

Instruction No. 42 – Conformity with Government Standard .......................................... 56

Instruction No. 43 – Breach of Warranty – Definiton of Warranty ................................. 57

Instruction No. 44 – Breach of Express Warranty – Creation of an Express Warranty .................. 58

Instruction No. 45 – Breach of Express Warranty – Description of Goods ..................................... 60

Instruction No. 46 – Breach of Express Warranty – What is Not Required to Create an Express
	Warranty ......................................................................................................... 61

Instruction No. 47 – Breach of Express Warranty – Objective Standard to Create an Express
	Warranty ......................................................................................................... 62

Instruction No. 48 – Breach of Express Warranty – Elements of Claim ......................................... 63

Instruction No. 49 – Breach of Implied Warranty – Elements of Implied Warranty of
	Merchantability Claim .................................................................................... 64

Instruction No. 50 – Breach of Implied Warranty – Creation of an Implied Warranty of Fitness for a
	Particular Purpose ........................................................................................... 65

Instruction No. 51 – Breach of Implied Warranty – Elements of Claim for Breach of an Implied
	Warranty for a Particular Purpose ................................................................. 66

Instruction No. 52 – Fraud – Elements of Fraud ........................................................... 67

Instruction No. 53 – Negligent Misrepresentation – Elements of Negligent Misrepresentation ...... 68

Instruction No. 54 – Reckless False Statement ................................................................ 69

Instruction No. 55 – Recovery for Misrepresentation of Fact ......................................... 70

Instruction No. 56 – Important Statement of Fact .......................................................... 71

Instruction No. 57 – Duty to Speak the Whole Truth ...................................................... 72

Instruction No. 58 – Intent to Induce Reliance ............................................................... 73

Instruction No. 59 – Intent ............................................................................................... 74

Instruction No. 60 – Reasonable Reliance ...................................................................... 75

Instruction No. 61 – Concealment of Fraudulent Non-Disclosure .................................. 76

Instruction No. 62 – Damages – Introduction .................................................................. 77

Instruction No. 63 – Damages – Proof of Damages ........................................................ 78

Instruction No. 64 – Damages – Economic Damages Defined ........................................ 79

Instruction No. 65 – Damages – Noneconomic Damages Defined .................................. 80

Instruction No. 66 – Fraud and Negligent Misrepresentation – Compensatory Damages ............... 81

Instruction No. 67 – Damages – Susceptibility to Injury ................................................ 82

Instruction No. 68 – Damages – Arguments of Counsel not Evidence of Damages ........ 83

Instruction No. 69 – Damages – Further Instructions to be Given .................................. 84

Instruction No. 70 – Deliberations and Verdict Information ........................................... 86

Instruction No. 71 – Duty to Deliberate .......................................................................... 87

Instruction No. 72 – Experiments, Research, and Investigation ..................................... 88

Instruction No. 73 – Instructions and Form Do Not Recommend Any Particular Verdict ............... 89

iv

Instruction No. 74 – Notify Court Security Officer When Verdict is Ready ................................... 90

Instruction No. 75 – Written Instructions ........................................................................... 91

Instruction No. 76 – Form of Verdict ................................................................................. 92

JURY VERDICT FORMS ................................................................................................. 94

**Instruction No. 1**

**PROVINCE OF THE COURT**

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, the time has come to instruct you as to the law governing the case.

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the Court and to apply the law so given to the facts as you find them from the evidence before you.

You are not to single out any one instruction alone as stating the law but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

<u>References</u>:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

1

**Instruction No. 2**

**PROVINCE OF THE JURY**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by Plaintiff Steven Johns, whom I will refer to as "Plaintiff," "Steven Johns," or "Mr. Johns."  The Plaintiff filed his cases against Defendants Davol, Inc. and C.R Bard, Inc., referred to by me as "Defendants," "Davol," or "Bard."

You are to perform this duty without bias or prejudice as to any party.  The law does not permit jurors to be governed by sympathy, prejudice, or public opinion.  The parties and the public expect that you will carefully and impartially consider all the evidence, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

<u>References</u>:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

2

**Instruction No. 3**

**ALL PERSONS EQUAL BEFORE THE LAW**

This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

<u>References</u>: *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 4**

**CORPORATIONS**

Defendants are corporations and act or fail to act when their officers, employees, or agents act or fail to act within the scope of their duties or authority.

<u>References</u>:  MUJI 2d, CV2801; *Jones v. Cyprus*, 944 P.2d 357 (Utah 1997) (affirming the district court's jury instructions taken from MUJI but noting " we explicitly distinguish Utah law from the MUJI.  That is, the MUJI are merely advisory and do not necessarily represent correct statements of Utah law.").

4

**Instruction No. 5**

**DUTIES OF THE JURY**

Counsel in this case may have referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinions about the facts of the case, or what that opinion is.  It is not my function to determine the facts, but rather yours.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 6**

**EVIDENCE**

The evidence in this case consists of the sworn testimony of the witnesses and all the exhibits which have been received into evidence. The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: (1) statements and arguments of the attorneys; (2) questions and objections of the attorneys; (3) testimony that I instruct you to disregard; and (4) anything you may see or hear when court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case. However, you are not limited to the bald statements of the witnesses. You are permitted to draw from the facts which you have found have been proved, such reasonable inferences as seem justified in the light of your own experience. This is to say, from the facts which have been proved, you may draw an inference based upon reason and common sense.

<u>References</u>: *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 7**

**INADMISSIBLE AND STRICKEN EVIDENCE**

It is the duty of the lawyers to object when the other side offers testimony or other materials which a lawyer believes are not properly admissible in evidence.  If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been.  If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 8**

**STIPULATIONS AND ADMISSIONS**

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A stipulation is an agreement between both sides that certain facts are true.  An admission means that certain facts are not disputed.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless instructed otherwise, accept the stipulation as evidence, and regard that fact as proved.

<u>References</u>:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 9**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, meaning the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

9

**Instruction No. 10**

**INFERENCES DEFINED**

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts that have been established by the evidence in the case.

References: *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

10

**Instruction No. 11**

**CREDIBILITY OF WITNESSES**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand.  Consider the witness's ability to observe the matters as to which he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

11

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact.  You may find the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

<u>References</u>:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 12**

**EXPERT WITNESSES**

You have heard from witnesses who are experts in a particular field because of their special education, knowledge, and/or experience.  Such expert witness testimony is admitted for whatever assistance it may provide to help you arrive at a just verdict.

As with other witnesses, the duty of deciding what weight to give to the testimony of an expert witness rests on you alone.  In deciding what weight to give to an expert's testimony, you may consider the expert's skill, experience, knowledge, veracity, and familiarity with the facts of this case.  You should also apply the same rules that apply to other witnesses when testing the credibility of each expert witness and deciding what weight to give his or her testimony.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 13**

**EVALUATION OF DEPOSITION TESTIMONY**

The testimony of certain witnesses was presented by videotape deposition. You should give this testimony the same consideration you would give it had the witness personally appeared in court.


References: *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

14

**Instruction No. 14**

**BURDEN OF PROOF**

Unless I instruct you otherwise, the burden of proof in this case is on the Plaintiff, Mr.

Johns, to prove his claims and any damages by a preponderance of the evidence, which I will define

for you.


References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury

Instructions.

**Instruction No. 15**

**PREPONDERANCE OF THE EVIDENCE**

You may have heard that in a criminal case proof must be beyond a reasonable doubt, but this is not a criminal case.  In a civil case such as this one, a different level of proof applies: proof by a preponderance of the evidence.

When I tell you that a party has the burden of proof or that a party must prove something by a "preponderance of the evidence," I mean that the party must persuade you, by the evidence, that the fact is more likely to be true than not true.

Another way of saying this is proof by the greater weight of the evidence, however slight. Weighing the evidence does not mean counting the number of witnesses nor the amount of testimony.  Rather, it means evaluating the persuasive character of the evidence. In weighing the evidence, you should consider all of the evidence that applies to a fact, no matter which party presented it.  The weight to be given to each piece of evidence is for you to decide.

After weighing all of the evidence, if you decide that a fact is more likely true than not, then you must find that the fact has been proved.  On the other hand, if you decide that the evidence regarding a fact is evenly balanced, then you must find that the fact has not been proved, and the party has therefore failed to meet its burden of proof to establish that fact.

<u>References</u>:  MUJI 2d, CV117.

16

**Instruction No. 16**

**CLEAR AND CONVINCING EVIDENCE**

One issue in this case, whether Defendants' conduct was intentionally fraudulent or manifested a knowing and reckless indifference and disregard of Mr. Johns's rights, acted maliciously, intentionally, fraudulently, or with reckless indifference and disregard of to Plaintiff's Mr. Johns's rights, facts in this case must be proved by a higher level of proof called "clear and convincing evidence."  When I tell you that a party must prove something by clear and convincing evidence, I mean that the party must persuade you, by the evidence, to the point that there remains no serious or substantial doubt as to the truth of the fact.

Proof by clear and convincing evidence requires a greater degree of persuasion than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt.

Later, I will tell you specifically which of the facts must be proved by clear and convincing evidence.

References:  MUJI 2d, CV118.

> **Commented [A1]:** Plaintiff's Notes: Plaintiff's proposed edits conform this instruction to his intention to seek punitive damages based only on Defendants' intentionally fraudulent conduct and conduct manifesting a knowing and reckless indifference and disregard to his rights.

17

**Instruction No. 17**

**IF YOU FIND OR IF YOU DECIDE**

When I say in these instructions that a party has the burden of proof on any proposition or use the expression "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 18**

**GENERAL STATEMENT OF ISSUES**

Plaintiff Steven Johns alleges that he suffered injuries from Defendants Bard and Davol's medical device used for hernia repair, the Ventralight ST hernia mesh patch. ~~Plaintiff's~~ Mr. Johns's position is that the device was defective and unreasonably dangerous in that it did not perform as reasonably expected given its intended use, and that there were safer alternative designs which were economically and technologically feasible at the time the device left Defendants' control. ~~Plaintiff~~Mr. Johns further alleges that Defendants failed to provide adequate warnings about the risks (including complications, frequency, severity, and duration), ~~the inadequate~~failed to perform and rely upon adequate research and testing prior to distribution, and failed to provide adequate warnings and information regarding the proper ~~way to~~use of the Ventralight ST hernia mesh. Defendants downplayed, under-reported, and/or concealed the risk information while promoting unproven benefits and/or making misleading statements.

Mr. Johns has asserted the following claims against ~~Bard~~Defendants:

(1) Negligence – ~~Design Defect~~Failure to Warn;

(2) Negligence – Design Defect~~Failure to Warn~~;

(3) Strict Products Liability – ~~Design Defect~~Failure to Warn;

(4) Strict Products Liability – ~~Failure to Warn~~Design Defect;

(5) Breach of Express Warranty;

(6) ~~Breach of Implied Warranty of Merchantability;~~

(7) ~~Breach of Implied Warranty for a Particular Purpose;~~

~~(8)~~(6) Fraud; and

~~(9)~~(7) Negligent Misrepresentation.

**Commented [A2]:** Plaintiff's Notes: Plaintiff proposes re-ordering his claims given that the evidence at trial has focused more on Defendants' failure to warn.

**Commented [A3]:** Plaintiff's Notes: Plaintiff does not intend to send his implied warranty claims to the jury.

19

~~Bard~~ Defendants ~~denies~~ deny these claims.  Now, I will explain the claims brought by Mr. Johns.

<u>References</u>:  MUJI 2d, CV103.

<u>ALL</u> **CLAIMS** ~~1 AND 2~~

**Instruction No. 19**

**FAULT DEFINED**

Your goal as jurors is to decide whether Mr. Johns was harmed and, if so, whether anyone is at fault for that harm. Fault means any wrongful act or failure to act. ~~Plaintiff claims that Defendants are at fault for the sale of the Ventralight ST, which he alleges was unreasonably dangerous due to a design defect and inadequacy in Defendants' warnings about the Ventralight ST.~~<u>The wrongful acts or failures to act alleged in this case are the claims I just listed for you in the prior instruction related to negligence, strict product liability, breach of warranty, fraud, and negligent misrepresentation.</u>

Your answers to the questions on the ~~verdict~~ <u>Verdict</u> ~~form~~ <u>Form</u> will determine whether anyone is at fault. We will review the ~~verdict~~ <u>Verdict</u> ~~form~~ <u>Form</u> in a few minutes.

<u>References</u>: MUJI 2d, CV201.

> **Commented [A4]:** <u>P laintiff's Notes</u>: Plaintiff's proposed edit conforms this instruction to MUJI 2d. CV201 and accounts for the use of the term "fault" in the damages instructions relevant to all of Plaintiff's claims.

21

**CLAIMS 1 AND 2**

**Instruction No. 20**

**CAUSE DEFINED**

I've instructed you before that fault is a wrongful act or failure to act.  You must also determine whether a person's fault caused the harm.

As used in the law, the word "cause" has a special meaning, and you must use this meaning whenever you apply the word.  "Cause" means that:

(1)     the person's act or failure to act produced the harm directly or set in motion events that produced the harm in a natural and continuous sequence; and

(2)     the person's act or failure to act could be foreseen by a reasonable person to produce a harm of the same general nature.

There may be more than one cause of the same harm.


References:  MUJI 2d, CV209.

22

**CLAIMS 1 AND 2**

**Instruction No. 24**

**NEGLIGENCE – DUTY TO WARN**

Mr. Johns claims that he was injured because Defendants failed to exercise reasonable care in providing an adequate warning.

You must first decide if the defendant was required to provide a warning.

Defendants were required to warn about a danger from the Ventralight ST mesh or from its foreseeable use of which Defendants knew or reasonably should have known and that a reasonable user would not expect.

Defendants were not required to warn about a danger from the Ventralight ST mesh's foreseeable use that is generally known and recognized.

References: MUJI 2d, CV1017.

> **Commented [A5]:** Plaintiff's Notes: Plaintiff proposes that the instructions for his Negligence—Failure to Warn claim come before the instructions for his Negligence—Design Defect claim given that the evidence presented at trial has focused more on Defendants' failure to warn.

23

## CLAIMS 1 AND 2

### Instruction No. 25

### NEGLIGENCE – ELEMENTS OF FAILURE TO ADEQUATELY WARN NEGLIGENCE CLAIM

If you find that a warning was required, you must next determine whether:

(1)     Defendants failed to exercise reasonable care because they did not provide an adequate

warning;

(2)     The lack of an adequate warning made the Ventralight ST defective and unreasonably

dangerous; and

(3)     The lack of an adequate warning was a cause of Mr. Johns's injuries.

I will now explain what the terms "adequate warning" and "unreasonably dangerous" mean.

References: MUJI 2d, CV1018.

24

**CLAIMS 1 AND 2**

**Instruction No. 26**

**NEGLIGENCE – DEFINITION OF ADEQUATE WARNING**

A manufacturer or seller fails to exercise reasonable care if it does not provide a warning or provides an inadequate warning where a warning is required.

A warning is adequate if, in light of the ordinary knowledge common to members of the community who use the product, it:

(1)      Was designed to reasonably catch the user's attention;

(2)      Was understandable to foreseeable users;

(3)      Fairly indicated the danger from the product's foreseeable use; and

(4)      Was sufficiently conspicuous to match the magnitude of the danger.


References: MUJI 2d, CV1019.

25

**CLAIMS 1 AND 2**

**Instruction No. 27**

**NEGLIGENCE – DEFINITION OF UNREASONABLY DANGEROUS**

A  Ventralight ST with a design defect or an inadequate warning was unreasonably dangerous if:

(1)    it was more dangerous than an ordinary user of the Ventralight ST would expect considering the Ventralight ST's characteristics, uses that were foreseeable to the manufacturer, and any instructions or warnings; and

(2)    Dr. Jensen, Mr. John's implanting surgeon, did not have actual knowledge, training, or experience sufficient to know the danger from the Ventralight ST or from its use.

References: MUJI 2d, CV1006.

**CLAIMS 1 AND 2**

**Instruction No. 28**

**NEGLIGENCE – LEARNED INTERMEDIARY**

Manufacturers of medical devices have a duty to warn only the physician prescribing the device, not the patient, of the risks associated with the device and the procedures for its use. If you find that ~~Bard~~Defendants gave appropriate warnings to the physician, you must find that ~~Bard~~Defendants fulfilled ~~its~~their duty to warn.

References: MUJI 2d, CV1052.

27

**CLAIMS 1 AND 2**

**Instruction No. 21**

**NEGLIGENCE – DEFINITION OF NEGLIGENCE FOR DESIGN DEFECT CLAIM**

Mr. Johns seeks to recover damages based upon a claim that he was injured due to Defendants' negligence in designing the Ventralight ST.  You must decide whether ~~Bard and Davol~~Defendants were negligent.

Negligence means that a designer did not use reasonable care in designing the Ventralight ST to eliminate any unreasonable risk of foreseeable injury.  Reasonable care means what a reasonably careful designer would do under similar circumstances.  A person may be negligent in acting or failing to act.

The designer of the product owes a duty of reasonable care to any persons who the designer expects would use the product.

References:  MUJI 2d, CV 1015.

28

**CLAIMS 1 AND 2**

**Instruction No. 22**

**NEGLIGENCE – ELEMENTS OF DESIGN DEFECT NEGLIGENCE CLAIM**

Mr. Johns claims that he was injured by ~~Bard's~~ Defendants' negligence in designing the

Ventralight ST.  You must decide whether:

(1)     There was a design defect in the Ventralight ST;

(2)     The design defect made the Ventralight ST unreasonably dangerous;

(3)     The Ventralight ST's defect was the result of ~~Bard's~~ Defendants' failure to use reasonable

care; and

(4)     The defect was a cause of Mr. Johns's injuries.


<u>References</u>:  MUJI 2d, CV1016.

29

**<u>CLAIMS 1 AND 2</u>**

**Instruction No. 23**

**NEGLIGENCE – DUTY OF DESIGNER**

Defendants have a duty to design the Ventralight ST to eliminate any unreasonable risk of foreseeable injury.

However, Defendants may market a non-defective Ventralight ST mesh even if a safer model is available.  There is no duty to make a safe product safer.  Defendants have no duty to inform the consumer of the availability of a safer model.

<u>References</u>:  MUJI 2d, CV1020.

30

## ~~CLAIMS 1 AND 2~~

### ~~Instruction No. 24~~

### ~~NEGLIGENCE—DUTY TO WARN~~

~~Mr. Johns claims that he was injured because Defendants failed to exercise reasonable care in providing an adequate warning.~~

~~You must first decide if the defendant was required to provide a warning.~~

~~Defendants were required to warn about a danger from the Ventralight ST mesh or from its foreseeable use of which Defendants knew or reasonably should have known and that a reasonable user would not expect.~~

~~Defendants were not required to warn about a danger from the Ventralight ST mesh's foreseeable use that is generally known and recognized.~~

~~References: MUJI 2d, CV1017.~~

31

## CLAIMS 1 AND 2

### Instruction No. 25

### NEGLIGENCE – ELEMENTS OF FAILURE TO ADEQUATELY WARN NEGLIGENCE CLAIM

If you find that a warning was required, you must next determine whether:

(1)     Defendants failed to exercise reasonable care because they did not provide an adequate

warning;

(2)     The lack of an adequate warning made the Ventralight ST defective and unreasonably

dangerous; and

(3)     The lack of an adequate warning was a cause of Plaintiff's Mr. Johns's injuries.

I will now explain what the terms "adequate warning" and "unreasonably dangerous" mean.


References: MUJI 2d, CV1018.

32

## ~~CLAIMS 1 AND 2~~

### ~~Instruction No. 26~~

### ~~NEGLIGENCE—DEFINITION OF ADEQUATE WARNING~~

~~A manufacturer or seller fails to exercise reasonable care if it does not provide a warning or provides an inadequate warning where a warning is required.~~

~~A warning is adequate if, in light of the ordinary knowledge common to members of the community who use the product, it:~~

~~(1)     Was designed to reasonably catch the user's attention;~~

~~(2)     Was understandable to foreseeable users;~~

~~(3)     Fairly indicated the danger from the product's foreseeable use; and~~

~~(4)     Was sufficiently conspicuous to match the magnitude of the danger.~~

~~References: MUJI 2d, CV1019.~~

33

**CLAIMS 1 AND 2**

**Instruction No. 27**

**NEGLIGENCE—DEFINITION OF UNREASONABLY DANGEROUS**

A  Ventralight ST with a design defect or an inadequate warning was unreasonably dangerous if:

(1)      it was more dangerous than an ordinary user of the Ventralight ST would expect

considering the Ventralight ST's characteristics, uses that were foreseeable to the

manufacturer, and any instructions or warnings; and

(2)      Dr. Jensen, Mr. John's implanting surgeon, did not have actual knowledge, training, or

experience sufficient to know the danger from the Ventralight ST or from its use.

References: MUJI 2d, CV1006.

34

## CLAIMS 1 AND 2

### Instruction No. 28

### NEGLIGENCE – LEARNED INTERMEDIARY

Manufacturers of medical devices have a duty to warn only the physician prescribing the device, not the patient, of the risks associated with the device and the procedures for its use.  If you find that Bard gave appropriate warnings to the physician, you must find that Bard fulfilled its duty to warn.


References: MUJI 2d, CV1052.

**CLAIMS 3 AND 4**

**Instruction No. 29**

**STRICT LIABILITY – INTRODUCTION**

Mr. Johns seeks to recover damages based upon a claim that he was injured by a defective and unreasonably dangerous product, ~~Bard's~~ Defendants' Ventralight ST.  A product may be defective and unreasonably dangerous:

(1)     In the way it was designed; or

(2)     In the way that its users were warned.


References:  MUJI 2d, CV1001.

36

**CLAIMS 3 AND 4**

**Instruction No. 34**

**STRICT LIABILITY – DUTY TO WARN**

Mr. Johns claims that he was injured by ~~Bard's~~Defendants' Ventralight ST that was defective and unreasonably dangerous because it lacked an adequate warning.

You must first decide if ~~Bard~~Defendants ~~was~~were required to provide a warning.

~~Bard was~~Defendants were required to warn about a danger from the Ventralight ST's foreseeable use of which it knew or reasonably should have known and that a reasonable user would not expect.

~~Bard was~~ Defendants were not required to warn about a danger from the Ventralight ST's foreseeable use that is generally known and recognized.

References: MUJI 2d, CV1007.

**Commented [A6]:** Plaintiff's Notes: Plaintiff proposes that the instructions for his Strict Liability— Failure to Warn claim come before the instructions for his Strict Liability— Design Defect claim given that the evidence presented at trial has focused more on Defendants' failure to warn.

## CLAIMS 3 AND 4

## Instruction No. 35

## STRICT LIABILITY – ELEMENTS OF CLAIM FOR FAILURE TO ADEQUATELY WARN

If you find that a warning was required, you must next decide whether:

(1)     Defendants failed to provide an adequate warning at the time the Ventralight ST was manufactured, distributed, or sold;

(2)     The lack of an adequate warning made the Ventralight ST defective and unreasonably dangerous; and

(3)     The lack of an adequate warning was a cause of ~~Plaintiff~~Mr. Johns's injuries.

I will now explain what the terms "adequate warning" and "unreasonably dangerous" mean.


References:  MUJI 2d, CV1008.

38

## CLAIMS 3 AND 4

### Instruction No. 36

### STRICT LIABILITY – DEFINITION OF ADEQUATE WARNING

A warning is adequate if, in light of the ordinary knowledge common to members of the community who use the Ventralight ST, the warning:

(1)     Was designed to reasonably catch the user's attention;

(2)     Was understandable to foreseeable users;

(3)     Fairly indicated the danger from the product's foreseeable use; and

(4)     Was sufficiently conspicuous to match the magnitude of the danger.


References:  MUJI 2d, CV1009.

39

## CLAIMS 3 AND 4

### Instruction No. 37

### STRICT LIABILITY – DEFINITION OF UNREASONABLY DANGEROUS

If you find that the Ventralight ST had an inadequate warning, you will decide whether the device was unreasonably dangerous if:

(1)     it was more dangerous than an ordinary user of the Ventralight ST would expect considering the Ventralight ST's characteristics, uses that were foreseeable to the manufacturer, and any instructions or warnings; and

(2)     Dr. Jensen, Mr. John's implanting surgeon, did not have actual knowledge, training, or experience sufficient to know the danger from the Ventralight ST or from its use.

I previously defined this for you with regard to Mr. Johns's negligence claim.

References: MUJI 2d, CV1006.

40

**CLAIMS 3 AND 4**

**Instruction No. 38**

**STRICT LIABILITY – LEARNED INTERMEDIARY**

Manufacturers of medical devices have a duty to warn only the physician prescribing the device, not the patient, of the risks associated with the device and the procedures for its use. If you find that ~~Bard and Davol~~Defendants gave appropriate warnings to the physician, you must find that ~~Bard and Davol~~Defendants fulfilled their duty to warn.

I previously defined this for you with regard to Mr. Johns's negligence claim.

References: MUJI 2d, CV1052.

41

**CLAIMS 3 AND 4**

**Instruction No. 39**

**STRICT LIABILITY – PRESUMPTION THAT A WARNING WOULD HAVE BEEN READ AND FOLLOWED**

You can presume that if Defendants had provided an adequate warning, ~~Plaintiff~~Mr. Johns's physician would have read and followed it unless the evidence shows that ~~Plaintiff~~Mr. Johns's physician would not have read or followed such a warning.

References: MUJI 2d, CV1010.

42

### CLAIMS 3 AND 4

### Instruction No. 40

### STRICT LIABILITY – PRESUMPTION THAT A WARNING WILL BE READ AND FOLLOWED

If you find that Defendants gave an adequate warning, Defendants could reasonably presume that the warning would be read and followed.

References:  MUJI 2d, CV1011.

43

**CLAIMS 3 AND 4**

**Instruction No. 30**

**STRICT LIABILITY – ELEMENTS OF CLAIM FOR A DESIGN DEFECT**

~~Plaintiff~~Mr. Johns claims that he was injured by Defendants' Ventralight ST that had a design

defect that made the Ventralight ST unreasonably dangerous. You must decide whether:

    (1)      There was a design defect in the Ventralight ST;

    (2)      The design defect made the Ventralight ST unreasonably dangerous;

    (3)      The design defect was present at the time Defendants manufactured, distributed, or sold

the Ventralight ST; and

    (4)      The design defect was a cause of ~~Plaintiff~~Mr. Johns's injuries.

I will now explain what the terms "design defect" and "unreasonably dangerous" mean.

<u>References</u>: MUJI 2d, CV1002.

44

## CLAIMS 3 AND 4

### Instruction No. 31

### STRICT LIABILITY – DEFINITION OF DESIGN DEFECT

The Ventralight ST had a design defect if:

(1)     As a result of its design, the Ventralight ST failed to perform as safely as an ordinary user

would expect when it was used in a manner reasonably foreseeable to the manufacturer; and

(2)     At the time the Ventralight ST was designed, a safer alternative was available that was

technically and economically feasible under the circumstances.


References: MUJI 2d, CV1003.

**CLAIMS 3 AND 4**

**Instruction No. 32**

**INDUSTRY STANDARD**

In deciding whether the Ventralight ST is defective, you may consider the evidence presented

concerning the design, testing, manufacture, and type of warning for similar products.

<u>References</u>:  MUJI 2d, CV1005.

**CLAIMS 3 AND 4**

**Instruction No. 33**

**STRICT LIABILITY – DEFINITION OF UNREASONABLY DANGEROUS**

A Ventralight ST with a design defect was unreasonably dangerous if:

(3)     it was more dangerous than an ordinary user of the Ventralight ST would expect

     considering the Ventralight ST's characteristics, uses that were foreseeable to the

     manufacturer, and any instructions or warnings; and

(4)     Dr. Jensen, Mr. John's implanting surgeon, did not have actual knowledge, training, or

     experience sufficient to know the danger from the Ventralight ST or from its use.

I previously defined this for you with regard to Mr. Johns's negligence claim.

<u>References</u>: MUJI 2d, CV1006.

47

## CLAIMS 3 AND 4

### Instruction No. 34

### STRICT LIABILITY – DUTY TO WARN

Mr. Johns claims that he was injured by Bard's Ventralight ST that was defective and unreasonably dangerous because it lacked an adequate warning.

You must first decide if Bard was required to provide a warning.

Bard was required to warn about a danger from the Ventralight ST's foreseeable use of which it knew or reasonably should have known and that a reasonable user would not expect.

Bard was not required to warn about a danger from the Ventralight ST's foreseeable use that is generally known and recognized.

References: MUJI 2d, CV1007.

48

CLAIMS 3 AND 4

Instruction No. 35

STRICT LIABILITY – ELEMENTS OF CLAIM FOR FAILURE TO ADEQUATELY WARN

If you find that a warning was required, you must next decide whether:

(1)    Defendants failed to provide an adequate warning at the time the Ventralight ST was

manufactured, distributed, or sold;

(2)    The lack of an adequate warning made the Ventralight ST defective and unreasonably

dangerous; and

(3)    The lack of an adequate warning was a cause of Plaintiff's injuries.

I will now explain what the terms "adequate warning" and "unreasonably dangerous" mean.


References:  MUJI 2d, CV1008.

49

~~CLAIMS 3 AND 4~~

~~Instruction No. 36~~

~~STRICT LIABILITY -- DEFINITION OF ADEQUATE WARNING~~

~~A warning is adequate if, in light of the ordinary knowledge common to members of the community who use the Ventralight ST, the warning:~~

~~(1)     Was designed to reasonably catch the user's attention;~~

~~(2)(1)   Was understandable to foreseeable users;~~

~~(3)(1)   Fairly indicated the danger from the product's foreseeable use; and~~

~~(4)(1)   Was sufficiently conspicuous to match the magnitude of the danger.~~

~~References:  MUJI 2d, CV1009.~~

CLAIMS 3 AND 4

Instruction No. 37

STRICT LIABILITY – DEFINITION OF UNREASONABLY DANGEROUS

If you find that the Ventralight ST had an inadequate warning, you will decide whether the device was unreasonably dangerous if:

(1)     it was more dangerous than an ordinary user of the Ventralight ST would expect considering the Ventralight ST's characteristics, uses that were foreseeable to the manufacturer, and any instructions or warnings; and

(2)     Dr. Jensen, Mr. John's implanting surgeon, did not have actual knowledge, training, or experience sufficient to know the danger from the Ventralight ST or from its use.

I previously defined this for you with regard to Mr. Johns's negligence claim.

References: MUJI 2d, CV1006.

51

## ~~CLAIMS 3 AND 4~~

### ~~Instruction No. 38~~

### ~~STRICT LIABILITY – LEARNED INTERMEDIARY~~

~~Manufacturers of medical devices have a duty to warn only the physician prescribing the device, not the patient, of the risks associated with the device and the procedures for its use. If you find that Bard and Davol gave appropriate warnings to the physician, you must find that Bard and Davol fulfilled their duty to warn.~~

~~I previously defined this for you with regard to Mr. Johns's negligence claim.~~

~~References: MUJI 2d, CV1052.~~

52

## CLAIMS 3 AND 4

### Instruction No. 39

### STRICT LIABILITY – PRESUMPTION THAT A WARNING WOULD HAVE BEEN READ AND FOLLOWED

You can presume that if Defendants had provided an adequate warning, Plaintiff's physician would have read and followed it unless the evidence shows that Plaintiff's physician would not have read or followed such a warning.

References: MUJI 2d, CV1010.

53

## ~~CLAIMS 3 AND 4~~

### ~~Instruction No. 40~~

### ~~STRICT LIABILITY – PRESUMPTION THAT A WARNING WILL BE READ AND FOLLOWED~~

~~If you find that Defendants gave an adequate warning, Defendants could reasonably presume that the warning would be read and followed.~~

~~References:  MUJI 2d, CV1011.~~

**<u>CLAIMS 3 AND 4</u>**

**Instruction No. 41**

**DEFINITION OF STATE OF THE ART**

"State of the art" means the best technical, mechanical, and scientific knowledge and methods that are practical and available in the same or similar industry for the same or similar products, when the Ventralight ST was designed and tested.

In this case, if you find that the Ventralight ST as it was designed and manufactured conformed to the state of the art in the industry at the time of sale or at the time of the 2015 implantation surgery, then you may consider this as evidence that the product was not defective or unreasonably dangerous.  A manufacturer's duty to safely design a product does not include a duty to incorporate into its products features representing the ultimate in safety.

<u>References</u>:  MUJI 2d, CV1053.

55

**CLAIMS 3 AND 4**

**Instruction No. 42**

**CONFORMITY WITH GOVERNMENT STANDARD**

If the manufacturer of the Ventralight ST complies with federal or state laws, standards, or regulations for the industry, regarding proper design, inspection, testing, manufacture, or warnings, that are in effect when it makes the Ventralight ST, it is presumed that the Ventralight ST is not defective. However, if you find that ~~the Ventralight ST~~Mr. Johns has established by a preponderance of evidence that the Ventralight ST was defective even though the manufacturer followed government laws, standards, or regulations, then the presumption that the product is not defective no longer applies.

References: MUJI 2d, CV1046; Utah Code Ann. § 78B-6-703.

56

**CLAIMS 5 ~~THROUGH 7~~**

**Instruction No. 43**

**BREACH OF WARRANTY – DEFINITION OF WARRANTY**

Mr. Johns claims that ~~Bard and Davol~~Defendants breached a warranty. A warranty is a promise or guarantee about the condition or performance of a product.

References: MUJI 2d, CV1023.

57

**CLAIM 5**

**Instruction No. 44**

**BREACH OF EXPRESS WARRANTY – CREATION OF AN EXPRESS WARRANTY**

An express warranty is created if:

(1)     The seller makes a promise or statement of fact about the Ventralight ST that

reasonably persuades the other party to rely on the promise or statement. In that case,

the seller has made an express warranty that the Ventralight ST will conform to the

promise or statement; or

(2)     A description of the Ventralight ST is made part of the basis for the sale. In that case

there is an express warranty that the Ventralight ST will conform to the description.; or

(5)     A sample or model of the Ventralight ST is made part of the basis for the sale. In that

case, there is an express warranty that the Ventralight ST will conform to the sample

or model.

> **Commented [A7]:** Plaintiff's Notes: Plaintiff proposes removing this language to conform the instruction to the evidence produced at trial.

<u>References</u>:  MUJI 2d, CV1024.

58

**CLAIM 5**

**Instruction No. 48**

**BREACH OF EXPRESS WARRANTY – ELEMENTS OF CLAIM**

In this case, Mr. Johns claims that ~~Bard and Davol~~Defendants made an express warranty that their Ventralight ST mesh was a safe and effective device for those patients requiring hernia repair. To establish his claim of breach of express warranty, Mr. Johns must prove all of the following:

 (1) That Defendants made an express warranty about the Ventralight ST upon which Mr. Johns or his implanting physician, Dr. Joseph Jensen, relied;

 (2) That the Ventralight ST did not conform to this warranty, resulting in a defective and unreasonably dangerous condition;

 (3) That Mr. Johns was harmed;

 (5) That the defective condition and failure of the Ventralight ST to conform to the warranty was a cause of Mr. Johns's harm; and

 (5) That Mr. Johns could have reasonably been expected to use or be affected by the Ventralight ST.

Mr. Johns does not have to prove that ~~Bard and Davol~~Defendants knew or should have known that the representation or promise they were making was false. ~~Bard and Davol~~Defendants may be at fault for breach of warranty even if they exercised reasonable care in making the statement.

References:  MUJI 2d, CV1029.

**Commented [A8]:** Plaintiff's Notes: Plaintiff proposes relocating this instruction here to better conform with the ordering of the instructions on the other claims (i.e., placing the elements of the claim earlier in the instructions on each claim).

**Commented [A9]:** Plaintiff's Notes: Plaintiff's proposed edit conforms this portion of the instruction to the evidence presented at trial. This edit is also supported by case law and the Court's holding in DMO 1. *See, e.g., Marcovecchio v. Wright Med. Grp., Inc.*, No. 2:18-cv-00274, 2019 WL 1406606, at * (D. Utah Mar. 28, 2016); *cf.* DMO 1 at PageID 16746, 16758–59, *Johns* ECF No. 309.

## CLAIM 5

### Instruction No. 45

### BREACH OF EXPRESS WARRANTY – DESCRIPTION OF GOODS

A description of goods may be by words or may be expressed in any other manner, such as use of technical specifications or blueprints, which may be more exact than language.  As long as the description is made part of the basis for entering into the transaction, the goods must conform to that description.

Commented [A10]: ]
laintiff's Notes:
Plaintiff proposes
removing this
language to conform
this instruction to the
evidence presented at
trial.

References:  MUJI 2d, CV1025.

60

<u>**CLAIM 5**</u>

**Instruction No. 46**

**BREACH OF EXPRESS WARRANTY – WHAT IS NOT REQUIRED TO CREATE AN EXPRESS WARRANTY**

A warranty does not require any particular words.  Formal words such as "warrant" or "warranty" or "guarantee" are not necessary to create a warranty.

Also, Defendants do not have to specifically intend to create a warranty for a warranty to exist.

But a warranty is not created simply because Defendants stated the value of the Ventralight ST, gave their opinion about the Ventralight ST, or recommended the Ventralight ST.


<u>References</u>:  MUJI 2d, CV1026.

61

## CLAIM 5

### Instruction No. 47

### BREACH OF EXPRESS WARRANTY – OBJECTIVE STANDARD TO CREATE AN EXPRESS WARRANTY

You must consider any statement of fact, promise, or description of the Ventralight ST as a reasonable person would have understood it.  If a reasonable person would have relied on the statement, promise, or description in buying the Ventralight ST, then you may find that the statement, promise, or description created an express warranty.

In deciding whether a reasonable person would have relied on the statement, promise, or description, you should consider such facts as:

(1)    The ability of a reasonable buyer to see and understand whether the Ventralight ST conformed to the statement, promise, or description;

(2)    How specific or vague the statement, promise, or description was; and

(3)    How believable the statement, promise, or description was.


References:  MUJI 2d, CV1027.

**CLAIM 5**

**Instruction No. 48**

**BREACH OF EXPRESS WARRANTY – ELEMENTS OF CLAIM**

In this case, Mr. Johns claims that Bard and Davol made an express warranty that their Ventralight ST mesh was a safe and effective device for those patients requiring hernia repair. To establish his claim of breach of express warranty, Mr. Johns must prove all of the following:

(1) That Bard and Davol made an express warranty about the Ventralight ST upon which Mr. Johns relied;

(2) That the Ventralight ST did not conform to this warranty, resulting in a defective and unreasonably dangerous condition;

(3) That Mr. Johns was harmed;

(6) That the defective condition and failure of the Ventralight ST to conform to the warranty was a cause of Mr. Johns's harm; and

(5) That Mr. Johns could have reasonably been expected to use or be affected by the Ventralight ST.

Mr. Johns does not have to prove that Bard and Davol knew or should have known that the representation or promise they were making was false. Bard and Davol may be at fault for breach of warranty even if they exercised reasonable care in making the statement.

References: MUJI 2d, CV1029.

63

## CLAIM 6

### Instruction No. 49

### BREACH OF IMPLIED WARRANTY — ELEMENTS OF IMPLIED WARRANTY OF MERCHANTABILITY CLAIM

In this case, Plaintiff claims that Defendants breached an implied warranty that the Ventralight ST was merchantable. To establish this claim, Plaintiff must prove all of the following:

(1) That Defendants sold the Ventralight ST;

(2) That at the time of sale, the Ventralight ST:

    (a) Was not reasonably fit for the ordinary purposes for which such mesh are used; or

    (b) Was not of the same kind and quality as other mesh with which it was sold; or

    (c) Would not pass without objection in the industry.

(3) That this condition rendered the Ventralight ST defective and unreasonably dangerous;

(4) That Plaintiff was harmed;

(5) That the defective condition of the Ventralight ST was a cause of Plaintiff's harm.

References: MUJI 2d, CV1031.

**Commented [A11]:** ]laintiff's Notes: Plaintiff does not intend to send his implied warranty claims to the jury.

64

## CLAIM 7

### Instruction No. 50

### BREACH OF IMPLIED WARRANTY – CREATION OF AN IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

Unless excluded or modified, an implied warranty of fitness for a particular purpose exists if at the time of sale:

(1)     Bard has reason to know that Mr. Johns was buying the Ventralight ST hernia mesh

patch for a particular purpose; and

(2)     Mr. Johns was relying on Bard's skill or judgment to select or furnish a suitable

product.

References:  MUJI 2d, CV1032.

> **Commented [A12]:** ]
> laintiff's Notes:
> Plaintiff does not intend to send his implied warranty claims to the jury.

65

## ~~CLAIM 7~~

### ~~Instruction No. 51~~

### ~~BREACH OF IMPLIED WARRANTY—ELEMENTS OF CLAIM FOR BREACH OF AN IMPLIED WARRANTY FOR A PARTICULAR PURPOSE~~

~~In this case, Mr. Johns claims that Defendants made an implied warranty that the Ventralight ST was fit for treating a hernia. To establish this claim, Mr. Johns must prove all of the following:~~

~~(1)     That Defendants knew or had reason to know that Mr. Johns was buying the Ventralight ST mesh for a particular purpose;~~

~~(2)     That Defendants knew or had reason to know that Mr. Johns was relying on Defendants' skill or judgment to select or furnish a suitable product;~~

~~(3)     That the Ventralight ST was defective, unreasonably dangerous, and unfit for the particular purpose Mr. Johns bought it for;~~

~~(4)     That Mr. Johns was harmed; and~~

~~(5)     That the defective condition was a cause of Mr. Johns's harm.~~

~~References: MUJI 2d, CV1034.~~

> **Commented [A13]:** ]
> laintiff's Notes:
> Plaintiff does not intend to send his implied warranty claims to the jury.

66

**CLAIM ~~8~~6**

**Instruction No. 52**

**FRAUD – ELEMENTS OF FRAUD**

~~Plaintiff~~Mr. Johns claims that Defendants defrauded him by making a false statement of fact that caused him harm. To succeed in this claim, Mr. Johns must prove each of the following by clear and convincing evidence:

(1)     Defendants made a false statement about an important fact; and

(2)     Either Defendants made the statement knowing it was false, or they made the statement recklessly and without regard for its truth; and

(3)     Defendants intended that Mr. Johns or his implanting physician, Dr. Joseph Jensen, would rely on the statement; and

(4)     ~~Plaintiff~~Mr. Johns or Dr. Jensen reasonably relied on the statement; and

(5)     ~~Plaintiff~~Mr. Johns suffered damages as a result of relying on the statement.

<u>References</u>: MUJI 2d, CV1801.

**Commented [A14]:** ]laintiff's Notes: Plaintiff's proposed edits conform this instruction to the evidence presented at trial. These edits are also supported by case law and the Court's holding in DMO 1. *See* DMO 1 at PageID 16758–59, *Johns* ECF No. 309; *Broten v. Wright Med. Grp., Inc.*, No. 2:16-cv-00049, 2016 WL 10459793, at *4 (D. Utah June 2, 2016); *Christison v. Biogen Idec Inc.*, 199 F. Supp. 3d 1315, 1320 (D. Utah 2016); *Okuda v. Pfizer Inc.*, No. 1:04-CV-00080, 2012 WL 2685053, at *2 (D. Utah July 6, 2012).

67

**CLAIM ~~9~~7**

**Instruction No. 53**

**NEGLIGENT MISREPRESENTATION – ELEMENTS OF NEGLIGENT MISREPRESENTATION**

Mr. Johns claims he was harmed when ~~Bard~~ Defendants negligently misrepresented an important fact.  To succeed in this claim, Mr. Johns must prove that:

(1)     ~~Bard~~ Defendants represented to Mr. Johns or his implanting physician, Dr. Joseph Jensen, that an important fact was true;

(2)     ~~Bard's~~ Defendants' representation of fact was not true;

(3)     ~~Bard~~ Defendants failed to use reasonable care to determine whether the representation was true;

(4)     ~~Bard~~ Defendants ~~was~~ were in a better position than Mr. Johns or Dr. Jensen to know the true facts;

(5)     ~~Bard~~ Defendants had a financial interest in the transaction;

(6)     Mr. Johns or Dr. Jensen relied on the representation and it was reasonable for ~~him~~ either of them to do so; and

(7)     Mr. Johns suffered damage as a result of relying on the representation.


<u>References</u>:  MUJI 2d, CV1802.

> **Commented [A15]:** ]laintiff's <u>Notes</u>: Plaintiff's proposed edits conform this instruction to the evidence presented at trial. These edits are also supported by case law and the Court's holding in DMO 1. *See* DMO 1 at PageID 16758–59, *Johns* ECF No. 309; *Broten v. Wright Med. Grp., Inc.*, No. 2:16-cv-00049, 2016 WL 10459793, at *4 (D. Utah June 2, 2016); *Christison v. Biogen Idec Inc.*, 199 F. Supp. 3d 1315, 1320 (D. Utah 2016); *Okuda v. Pfizer Inc.*, No. 1:04-CV-00080, 2012 WL 2685053, at *2 (D. Utah July 6, 2012).

## CLAIM 87

**Instruction No. 54**

**RECKLESS FALSE STATEMENT**

A false statement is made recklessly if Defendants knew that they did not have sufficient knowledge to make the statement.

References:  MUJI 2d, CV1803.

## ~~CLAIM 87~~

### ~~Instruction No. 55~~

### ~~RECOVERY FOR MISREPRESENTATION OF FACT~~

~~You must decide whether Bard's statement was a representation of fact as opposed to an opinion.  Generally, a plaintiff may recover for fraud only if the defendant's statements were misrepresentations of facts.~~

~~References:  MUJI 2d, CV1804.~~

**Commented [A16]:** laintiff's Notes: Defendants have not presented evidence to suggest that any statement at issue was an opinion rather than a statement of fact, so this instruction is unnecessary.

70

## CLAIMS ~~8~~ 6 AND ~~9~~7

**Instruction No. 56**

**IMPORTANT STATEMENT OF FACT**

A statement of fact is important if knowing that it is false would influence a reasonable person's judgment, or his or her decision to act or not to act.

<u>References</u>:  MUJI 2d, CV1806.

71

## CLAIMS ~~8~~ 6 AND ~~9~~7

**Instruction No. 57**

### DUTY TO SPEAK THE WHOLE TRUTH

If Defendants made a statement, then they had a duty to tell the truth about the matter, to make a fair disclosure, and to prevent a partial statement from being misleading or giving a false impression.

<u>References</u>:  MUJI 2d, CV1807.

72

## ~~CLAIM 8 6~~

### ~~Instruction No. 58~~

### ~~INTENT TO INDUCE RELIANCE~~

~~You must decide whether Bard intended Mr. Johns to rely on a false statement, even though Bard did not make it directly to Mr. Johns.~~

~~Bard intended Mr. Johns to rely on the false statement if:~~

~~(1)    Bard the statement to a group of people that included Mr. Johns; or~~

~~(2)    Defendants made the statement to another person, with the intent or the belief that it would be communicated to Mr. Johns.~~

~~References:  MUJI 2d, CV1808.~~

> **Commented [A17]:** ]laintiff's Notes: Assuming the Court agrees with Plaintiff's proposed changes to the "Fraud—Elements of Fraud" instruction above, Plaintiff believes this instruction is unnecessary.

73

## CLAIM ~~8~~ 6

**Instruction No. 59**

**INTENT**

Intent ordinarily cannot be proved directly because there is no way to read people's minds. However, you may determine intent from the surrounding circumstances and find that Defendants intended the natural and probable consequences of acts done knowingly.  You may consider any statement made or acts done by Defendants and all other facts and circumstances that may show intent.

References:  MUJI 2d, CV1809.

74

**<u>CLAIMS 8 6 AND 97</u>**

**Instruction No. 60**

**REASONABLE RELIANCE**

In deciding whether Mr. Johns's reliance on the false statement about the Ventralight ST was reasonable, you must take into account all relevant circumstances, such as his age, mental capacity, knowledge, experience, and his relationship to BardDefendants.

<u>References</u>:  MUJI 2d, CV1810.

75

**CLAIM 8̶ 6**

**Instruction No. 61**

**CONCEALMENT OR FRAUDULENT NON-DISCLOSURE**

Mr. Johns was in a type of relationship that gave ~~Bard and Davol~~Defendants a duty to disclose an important fact to Mr. Johns. You must decide whether ~~Bard and Davol~~Defendants failed to disclose an important fact. To establish that ~~Bard and Davol~~Defendants failed to disclose an important fact, Mr. Johns must prove by clear and convincing evidence all of the following:

(1)     That ~~Bard and Davol~~Defendants knew the Ventralight ST was defective and unreasonably dangerous and failed to disclose it to Mr. Johns;

(2)     That Mr. Johns did not know the Ventralight ST was defective and unreasonably dangerous; and

(3)     That ~~Bard and Davol's~~Defendants' failure to disclose that the Ventralight mesh was defective and unreasonably dangerous was a substantial factor in causing Mr. Johns's damages.

References:  MUJI 2d, CV1811 & references (citing *Anderson v. Kriser*, 266 P.3d 819 (Utah 2011)); *Anderson*, 266 P.3d at 823.

76

**Instruction No. 62**

**DAMAGES – INTRODUCTION**

I will now instruct you about damages.  My instructions are given as a guide for calculating what damages should be if you find that Mr. Johns is entitled to them.  However, if you decide that Mr. Johns is not entitled to recover damages, then you must disregard these instructions.

If you decide that ~~Bard and Davol's~~Defendants' fault caused Mr. Johns's harm, you must decide how much money will fairly and adequately compensate Mr. Johns for that harm.  There are two kinds of damages: economic and noneconomic.

<u>References</u>:  MUJI 2d, CV2001.

77

**Instruction No. 63**

**DAMAGES – PROOF OF DAMAGES**

To be entitled to damages, ~~Plaintiff~~Mr. Johns must prove two points:

First, that damages occurred.  There must be a reasonable probability, not just speculation, that ~~Plaintiff~~Mr. Johns suffered damages from Defendants' fault.

Second, the amount of damages.  The level of evidence required to prove the amount of damages is not as high as what is required to prove the occurrence of damages.  There must still be evidence, not just speculation, that gives a reasonable estimate of the amount of damages, but the law does not require a mathematical certainty.

In other words, if ~~Plaintiff~~Mr. Johns has proved that he has been damaged and has established a reasonable estimate of those damages, Defendants may not escape liability because of some uncertainty in the amount of damages.

<u>References</u>:  MUJI 2d, CV2002.

78

**Instruction No. 64**

**DAMAGES – ECONOMIC DAMAGES DEFINED**

Economic damages are the amount of money that will fairly and adequately compensate Mr. Johns for measurable losses of money or property caused by ~~Bard's~~ Defendants' fault.

References: MUJI 2d, CV2003.

**Instruction No. 65**

**DAMAGES – NONECONOMIC DAMAGES DEFINED**

Noneconomic damages are the amount of money that will fairly and adequately compensate Mr. Johns for losses other than economic losses.

Noneconomic damages are not capable of being exactly measured, and there is no fixed rule, standard or formula for them.  Noneconomic damage must still be awarded even though they may be difficult to compute.  It is your duty to make this determination with calm and reasonable judgment.  The law does not require the testimony of any witness to establish the amount of noneconomic damages.

In awarding noneconomic damages, among the things that you may consider are:

(1)     The nature and extent of injuries;

(2)     The pain and suffering, both mental and physical;

(3)     The extent to which Mr. Johns has been prevented from pursuing his ordinary affairs;

(4)     The degree and character of any disfigurement;

(5)     The extent to which Mr. Johns has been limited in the enjoyment of his life; and

(6)     Whether the consequences of these injuries are likely to continue and for how long.

While you may not award damages based upon speculation, the law requires only that the evidence provide a reasonable basis for assessing the damages.  The law does not require a mathematical certainty.

I will now instruct you on particular items of economic and noneconomic damages presented in this case.

References:  MUJI 2d, CV2004.

80

**Instruction No. 66**

**FRAUD AND NEGLIGENT MISREPRESENTATION – COMPENSATORY DAMAGES**

If you decide that Defendants defrauded ~~Plaintiff~~Mr. Johns, then you must also decide how much money is needed to fairly compensate ~~Plaintiff~~Mr. Johns for any damages caused by the fraud.

You may award damages for the harm ~~Plaintiff~~Mr. Johns experienced because of Defendants' fraud as long as you determine that the damages were reasonably foreseeable, and that ~~Plaintiff~~Mr. Johns has proven these damages with reasonable certainty.  ~~Plaintiff~~Mr. Johns claims the following damages:

(1)    The pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the injury; and

(2)    Loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury.

References:  MUJI 2d, CV1812.

81

**Instruction No. 67**

**DAMAGES – SUSCEPTIBILITY TO INJURY**

A person who may be more susceptible to injury than someone else is still entitled to recover the full amount of damages that were caused by Defendants' fault. In other words, the amount of damages should not be reduced merely because ~~Plaintiff~~Mr. Johns may be more susceptible to injury than someone else.

References : MUJI 2d, CV2017.

**Instruction No. 68**

**DAMAGES – ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

You may consider the arguments of the attorneys to assist you in deciding the amounts of damages, but their arguments are not evidence.

<u>References</u>:  MUJI 2d, CV2025.

### Instruction No. 69

**DAMAGES – ~~FURTHER INSTRUCTIONS TO BE GIVEN~~FINAL QUESTION ON THE**

**VERDICT FORM**

~~Some of the questions on the Special Verdict~~ The final question on the Verdict Form will ask

if Mr. Johns has proved by clear and convincing evidence, a higher burden of proof, that ~~Bard's~~

Defendants' conduct was (a) ~~was willful and malicious or~~ intentionally fraudulent~~,~~ or (b) manifested a

knowing and reckless indifference and disregard of Mr. Johns's rights.

~~"Willful and malicious" means that Defendants acted with evil intent and with the purpose of~~
~~injuring.~~

"Intentionally fraudulent" means that Defendants intended the natural and probable

consequences of their fraudulent acts done knowingly and~~-~~ that Defendants knew those fraudulent

acts to be false. You may also refer back to Instruction No. ~~53~~__, Fraud, and Instruction No. ~~60~~__,

Intent, during your deliberations.

"Knowing and reckless indifference" means that (a) Defendants knew that such conduct

would, in a high degree of probability, result in substantial harm to another; and (b) the conduct must

be highly unreasonable conduct, or an extreme departure from ordinary care, in a situation where a

high degree of danger or harm would be apparent to a reasonable person.

~~If you answer "yes" to any of these questions, I will then give you further instructions.~~ Please

answer the final question on the Verdict Form by checking "Yes" or "No."

References: MUJI 2d, CV2026 & committee notes 1 & 2; Utah Code Ann. § 78-B-
201(1)(a); *Biswell v. Duncan*, 742 P.2d 80, 83 (Utah Ct. App. 1987); *Johnson v. Rogers*, 763 P.2d
771, 775 (Utah 1988);

84

---

**Commented [A18]:** ]laintiff's Notes: Plaintiff's proposed edits conform this instruction to his intention to seek punitive damages based only on Defendants' intentionally fraudulent conduct and conduct manifesting a knowing and reckless indifference and disregard to his rights.

**Commented [A19]:** ]laintiff's Notes: This proposed edit, and the proposed change to the title of this instruction, avoids any concern that the jury might not check "yes" if it believes that doing so will result in additional proceedings.

**Instruction No. 70**

**DELIBERATIONS AND VERDICT INFORMATION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. The foreperson acts as the chairperson of the meeting and is your spokesperson in court.  He or she must see to it that the charges and the issues are taken up as given to you; that everyone has a chance to speak to these matters; and that your deliberations proceed in an orderly way.

Once you start deliberating, do not talk to the courtroom deputy, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, signed by any of you, and then give them to the court security officer, who will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

All of the exhibits will be sent to the jury room with you so you can review them during your deliberations.

One more thing about messages.  Do not ever write down or tell anyone outside the jury room how you stand on your votes.  For example, do not write down or tell anyone outside the jury room that you are split 5-2, or 6-1, or whatever your vote happens to be.  That should stay confidential until you are finished.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

86

**Instruction No. 71**

**DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  And I mention again, your verdict must be unanimous.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

Listen carefully to what other jurors have to say, and then decide for yourself if ~~the plaintiff~~Mr. Johns has proven his claim by a preponderance of the evidence.  Remember that, if you chose to take notes, the notes are for your personal use and should not be shared with other jurors.  It is important that each juror rely solely on his or her recollection and not on another juror's notes.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So, you should all feel free to speak your minds.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

87

**Instruction No. 72**

**EXPERIMENTS, RESEARCH, AND INVESTIGATION**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any of the following to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict:  any electronic device such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer**;** the internet or any internet service, or any test or instant messaging service**;** any internet chat room, blog, or website such as YouTube**;** or social media platform such as Facebook, MySpace, LinkedIn, Twitter, Instagram, Snapchat, or TikTok.

Make your decision based only on the evidence that you saw and heard here in court.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

88

**Instruction No. 73**

**INSTRUCTIONS AND FORM DO NOT RECOMMEND ANY PARTICULAR VERDICT**

I caution you that nothing said in these instructions and nothing in the ~~verdict~~ Verdict ~~f~~Form~~s~~ prepared for your convenience is to suggest or convey in any way the verdict I think you should return. The verdict you return is your exclusive duty and responsibility as jurors.

<u>References</u>: *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 74**

**NOTIFY COURT SECURITY OFFICER WHEN VERDICT IS READY**

When you arrive at a verdict, you will notify the Court Security Officer, who will inform the Court.


References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

**Instruction No. 75**

**WRITTEN INSTRUCTIONS**

The written form of the instructions on the law I have just given you will be available to you in the jury room.

These instructions, which are contained in a three-ring binder, are placed in the charge of the foreperson you elect.

You are invited to use these instructions in any way that will assist you in your deliberations and in arriving at a verdict.

You may pass these instructions from juror to juror for individual reading and consideration, but you may not remove any one of the individual sheets from the binder.

These written instructions, which are in exactly the same language as I have given them to you orally, represent the law that is applicable to the facts, as you find the facts to be.

There is a table of contents on the first page of these instructions. You may readily locate any particular instruction by referring to this list.

References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury Instructions.

91

**Instruction No. 76**

**FORM OF VERDICT**

The Court will provide you with the ~~verdict~~ Verdict ~~form~~Form ~~and Jury Verdict~~

~~Interrogatorys~~ which you will have with you in the jury room.  I will now read the Verdict Form ~~and~~

~~Jury Verdict Interrogatory~~verdict forms to you.


References:  *Abbott v. E. I. du Pont de Nemours & Co.*, S.D. Ohio Case No. 2:17-cv-998, Final Jury

Instructions.

92

**Formatted:** Font: 11 pt

**Formatted:** Right: -0.13", Line spacing: single

**Formatted:** Left: 0.5", Right: 0.5", Top: 0.3", Bottom: 0.3"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: DAVOL, INC. / C.R. BARD, INC. POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION | Case No. 2-18-md-2846 |
| | JUDGE EDMUND A. SARGUS, JR. ~~Magistrate Judge Kimberly A. Jolson~~ |

This document relates to:
STEVEN JOHNS        ~~————~~ Case No. 2:18-cv-01509

**JURY VERDICT FORM**
~~NO. 1~~

1.  Do you find in favor of Mr. Johns on his Negligence – <u>Failure to Warn</u> ~~Design Defect~~ claim against Defendants?
    Yes: _____
    No: _____

2.  Do you find in favor of Mr. Johns on his Negligence – Design Defect claim against Defendants?
    Yes: _____
    No: _____

3.  Do you find in favor of Mr. Johns on his Strict Liability – Failure to Warn claim against Defendants?
    Yes: _____
    No: _____

4.  Do you find in favor of Mr. Johns on his Strict Liability – Design Defect claim against Defendants?
    Yes: _____
    No: _____

5.  Do you find in favor of Mr. Johns on his Breach of Express Warranty claim against Defendants?
    Yes: _____
    No: _____

6.  Do you find in favor of Mr. Johns on his Fraud claim against Defendants?
    Yes: _____
    No: _____

~~1.~~7. Do you find in favor of Mr. Johns on his Negligent Misrepresentation claim against Defendants?
    Yes: _____
    No: _____

~~(All must agree)~~

*If your answer to ~~the~~ any of the question* <u>s</u> *above is "Yes," then answer the question* <u>s</u> ~~on the next page~~ <u>below</u>.

*If your answer to ~~the~~ all the question* <u>s</u> *above is "No," do not answer the question* <u>s</u> ~~on the next page~~ <u>below</u>.

8.  W

94

What damages, if any, do you find Mr. Johns is entitled to?

$ _____

9.  Do you find that Mr. Johns has proven by clear and convincing evidence that Defendants' conduct was (a) intentionally fraudulent or (b) manifested a knowing and reckless indifference and disregard of Mr. Johns's rights?

Yes: _____

No: _____

2.     , to on his Negligence    Failure to Warn Design Defect claim.

$ _____

(All must agree)

_____         _____

_____         _____

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: DAVOL, INC. / C.R. BARD,**      **Case No. 2-18-md-2846**
**INC. POLYPROPYLENE HERNIA**
**MESH PRODUCTS LIABILITY**
**LITIGATION**                          **JUDGE EDMUND A. SARGUS, JR.**
              **Magistrate Judge Kimberly A. Jolson**

t relates to:

**STEVEN JOHNS**                        **Case No. 2:18-cv-01509**

**JURY VERDICT FORM NO. 2**

1.  Do you find in favor of Mr. Johns on his Negligence – Failure to Warn Design Defect claim against Defendants?

    Yes: _____
    No: _____

    (All must agree)

    _____        _____
    _____        _____
    _____        _____
    _____        _____

    *If your answer to the question above is "Yes," then answer the question on the next page below.*

    *If your answer to the question above is "No," do not answer the question on the next page below.*

0

2.   What damages, if any, do you find Mr. Johns is entitled to on his Negligence – Failure to Warn Design Defect claim.

$_____

(All must agree) _____

_____        _____
_____        _____
_____        _____
_____        _____
_____        _____

**Formatted:** Indent: Left:  0.5", Line spacing:  1.5 lines

**Formatted:** Left

0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC. / C.R. BARD,                    Case No. 2-18-md-2846
INC. POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION                                          JUDGE EDMUND A. SARGUS, JR.
                          Magistrate Judge Kimberly A. Jolson

t relates to:

STEVEN JOHNS                                        Case No. 2:18-cv-01509


JURY VERDICT FORM NO. 3

1.  Do you find in favor of Mr. Johns on his Strict Products Liability   Failure to Warn Design Defect claim
    against Defendants?

    Yes: _____
    No: _____

    (All must agree) _____

    _____     _____
    _____     _____
    _____     _____
    _____     _____

    *If your answer to the question above is "Yes," then answer the question on the next pagebelow.*

    *If your answer to the question above is "No," do not answer the question on the next pagebelow.*

**Formatted:** Indent: Left: 0.5", Line spacing: 1.5 lines

**Formatted:** Left

0

2. What damages, if any, do you find Mr. Johns is entitled to on his Strict Products Liability — Failure to Warn Design Defect claim.

$_____

(All must agree) _____

_____     _____
_____     _____
_____     _____
_____     _____

**Formatted:** Indent: Left: 0.5", Line spacing: 1.5 lines

**Formatted:** Left

0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC. / C.R. BARD,          Case No. 2-18-md-2846
INC. POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION                               JUDGE EDMUND A. SARGUS, JR.
                                         Magistrate Judge Kimberly A. Jolson

t relates to:

STEVEN JOHNS                             Case No. 2:18-cv-01509


JURY VERDICT FORM NO. 4

1.  Do you find in favor of Mr. Johns on his Strict Products Liability   Failure to WarnDesign Defect claim against Defendants?

    Yes: _____
    No: _____

    (All must agree)

    _____          _____
    _____          _____
    _____          _____
    _____          _____

*If your answer to the question above is "Yes," then answer the question on the next pagebelow.*

*If your answer to the question above is "No," do not answer the question on the next pagebelow.*

0

2. What damages, if any, do you find Mr. Johns is entitled to on his Strict Products Liability – Failure to Warn claim.

$_____

(All must agree)

_____  _____
_____  _____
_____  _____
_____  _____
_____  _____

**Formatted:** Space Before: 0 pt

**Formatted:** Indent: Left: 0.5", Line spacing: 1.5 lines

**Formatted:** Left

0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC. / C.R. BARD,     Case No. 2-18-md-2846
INC. POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION     JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Kimberly A. Jolson

t relates to:

STEVEN JOHNS     Case No. 2:18-cv-01509

## JURY VERDICT FORM NO. 5

1. Do you find in favor of Mr. Johns on his Breach of Express Warranty claim against Defendant C.R. Bard, Inc.Defendants?

Yes: _____
No: _____

(All must agree)

_____     _____
_____     _____
_____     _____
_____     _____

*If your answer to the question above is "Yes," then answer the question on the next pagebelow.*

*If your answer to the question above is "No," do not answer the question on the next pagebelow.*

0

2. ~~What damages, if any, do you find Mr. Johns is entitled to on his Breach of Express Warranty claim.~~

~~$_____~~

~~(All must agree)_____~~

~~_____   _____~~
~~_____   _____~~
~~_____   _____~~
~~_____   _____~~

**Formatted:** Indent: Left: 0.5", Line spacing: 1.5 lines

**Formatted:** Left

~~0~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC. / C.R. BARD,          Case No. 2-18-md-2846
INC. POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION                               JUDGE EDMUND A. SARGUS, JR.
          Magistrate Judge Kimberly A. Jolson

This document relates to:
STEVEN JOHNS                             Case No. 2:18-cv-01509

JURY VERDICT FORM NO. 6

1.     Do you find in favor of Mr. Johns on his Breach of Implied Warranty of Merchantability claim against Defendants?

Yes: _____
No: _____

(All must agree)

_____
_____
_____
_____

*If your answer to the question above is "Yes," then answer the question on the next page.*

*If your answer to the question above is "No," do not answer the question on the next page.*

0

2.  What damages, if any, do you find Mr. Johns is entitled to on his Breach of Implied Warranty of Merchantability claim.

$_____

(All must agree) _____

_____   _____

_____   _____

_____   _____

_____   _____

0

**Formatted:** Left

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: DAVOL, INC. / C.R. BARD,**                 **Case No. 2-18-md-2846**
**INC. POLYPROPYLENE HERNIA**
**MESH PRODUCTS LIABILITY**
**LITIGATION**                              **JUDGE EDMUND A. SARGUS, JR.**
                     **Magistrate Judge Kimberly A. Jolson**


**This document relates to:**
**STEVEN JOHNS**                              **Case No. 2:18-cv-01509**


**JURY VERDICT FORM NO. 7**

1.     Do you find in favor of Mr. Johns on his Breach of Implied Warranty for a Particular Purpose claim against Defendants?

Yes: _____

No: _____


(All must agree)

_____     _____
_____     _____
_____     _____
_____     _____

*If your answer to the question above is "Yes," then answer the question on the next page.*

*If your answer to the question above is "No," do not answer the question on the next page.*

0

2. ~~What damages, if any, do you find Mr. Johns is entitled to on his Breach of Implied Warranty for a Particular Purpose claim.~~

~~$_____~~

~~(All must agree)_____~~

~~_____~~     ~~_____~~
~~_____~~     ~~_____~~
~~_____~~     ~~_____~~
~~_____~~     ~~_____~~

~~0~~

**Formatted:** Left

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC. / C.R. BARD,                    Case No. 2-18-md-2846
INC. POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION                                          JUDGE EDMUND A. SARGUS, JR.
                                        Magistrate Judge Kimberly A. Jolson

t relates to:

STEVEN JOHNS                                        Case No. 2:18-cv-01509


JURY VERDICT FORM NO. 86

1.   Do you find in favor of Mr. Johns on his Fraud claim against Defendants?

Yes: _____
No: _____

(All must agree)

_____          _____
_____          _____
_____          _____
_____          _____

*If your answer to the question above is "Yes," then answer the question on the next page below.*

*If your answer to the question above is "No," do not answer the question on the next page below.*

θ

2. What damages, if any, do you find Mr. Johns is entitled to on his Fraud claim?

$_____

(All must agree)_____

_____    _____
_____    _____
_____    _____
_____    _____
_____    _____

**Formatted:** Indent: Left: 0.5", Line spacing: 1.5 lines

**Formatted:** Left

0

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**IN RE: DAVOL, INC. / C.R. BARD,**   Case No. 2-18-md-2846
**INC. POLYPROPYLENE HERNIA**
**MESH PRODUCTS LIABILITY**
**LITIGATION**   **JUDGE EDMUND A. SARGUS, JR.**
   **Magistrate Judge Kimberly A. Jolson**

t relates to:

**STEVEN JOHNS**   Case No. 2:18-cv-01509

**JURY VERDICT FORM NO. 97**

1. Do you find in favor of Mr. Johns on his Negligent Misrepresentation claim against Defendants?

   Yes: _____
   No: _____

   (All must agree)

   _____     _____
   _____     _____
   _____     _____
   _____     _____

*If your answer to the question above is "Yes," then answer the question on the next page below.*

*If your answer to the question above is "No," do not answer the question on the next page below.*

0

2.  What damages, if any, do you find Mr. Johns is entitled to on his Negligent Misrepresentation claim?

$_____

(All must agree)

_____    _____

_____    _____

_____    _____

_____    _____

0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: DAVOL, INC. / C.R. BARD,          Case No. 2-18-md-2846
INC. POLYPROPYLENE HERNIA
MESH PRODUCTS LIABILITY
LITIGATION                               JUDGE EDMUND A. SARGUS, JR.
                                         Magistrate Judge Kimberly A. Jolson

t relates to:

STEVEN JOHNS                             Case No. 2:18-cv-01509

JURY VERDICT INTERROGATORY

Answer this interrogatory only if you found in favor of Mr. Johns on any of his claims against Defendants.

Do you find that Mr. Johns has proven by clear and convincing evidence that Defendants' conduct was (a) was willful and malicious, (b) intentionally fraudulent, and/or (cb) manifested a knowing and reckless indifference and disregard of Mr. Johns's rights?

Yes: _____
No: _____

(All must agree) _____

_____    _____

_____    _____

_____    _____

_____    _____

_____

**Formatted:** Indent: Left: 0"

**Formatted:** Left

0

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve a copy of the foregoing on all counsel of record.

/s/ David J. Butler
***Plaintiffs' Liaison Counsel***